THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID V. WALSH, Defendant-Appellant.

(No. 55902;

First District—February 14, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Michael Weininger and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

William J. Scott, Attorney General, and Edward V. Hanrahan, State's Attorney, both of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Brent F. Carlson, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LYONS delivered the opinion of the court:

Following a conference, David V. Walsh entered a plea of guilty to indictment 68-2118, which charged him with murder of an off-duty police officer who had confronted him concerning his possession of a gun. (Ill. Rev. Stat. 1967, ch. 38, par. 9—1.) The Circuit Court found him guilty upon the plea and a stipulation of facts, entered judgment on the finding, and sentenced him to a term of not less than twenty nor more than forty years in the Illinois State Penitentiary.

An appeal was taken directly to the Supreme Court, but the cause was transferred to this court when it was determined that no substantial constitutional question was involved. Defendant raises two points in his brief on appeal. First, he contends that he was denied due process of law when the trial court accepted his plea of guilty without specifically admonishing him that such plea constituted a waiver of his constitutionally guaranteed right to confront his accusers and against self-incrimination. Secondly, he contends that the admonishment given was defective under Supreme Court Rule 401 (Ill. Rev. Stat. 1967, ch. 110A, par. 401) then in effect.

Under point one, defendant, relying on *Boykin v. Alabama,* (1969), 395 U.S. 238, argues that a plea of guilty to a criminal charge, with its attendant waivers of constitutionally guaranteed rights, cannot be viewed as having been intelligently and voluntarily entered unless the record shows that the accused was specifically admonished with respect to those rights involved.

During the pendency of this appeal the Supreme Court has spoken to this precise issue and determined it adversely to defendant. In *People v. Reeves,* (1971), 50 Ill.2d 28, 276 N.E.2d 318 the court stated:

> We do not find it necessary to discuss, analyze, distinguish or reconcile the many opinions following in the wake of *Boykin* since June 2, 1969; for the reason that in our opinion *Boykin* does not in any manner alter or modify the constitutional standards by which the validity of a plea of guilty is to be determined. The constitutional requirement, both pre and post *Boykin,* is that a plea of guilty be "intelligent and voluntary." *Boykin* adds the requirement that if the guilty plea is to withstand appellate or post-conviction review "the record must affirmatively disclose that the defendant who pleads guilty enters his plea understandingly and voluntarily." *Brady v. United States,* 397 U.S. 742, 747 footnote (4), 25 L.Ed.2d 747; 756, 90 S.Ct. 1463, 1468. This requirement has been in effect in Illinois since 1948.

Similarly, in *People v. Arndt,* (1971), 49 Ill.2d 530, the court, in con-

sidering the specific issue of whether an accused must be specifically admonished concerning the federal constitutional rights waived by a plea of guilty before such plea may be accepted said:

"The words of a judicial opinion do not have a vitality independent of the facts to which the opinion is addressed (*People v. Morales* (1971), 48 Ill.2d 396, 400), and in dealing with the quoted paragraph in *Boykin* it must be borne in mind that the court was apparently there considering a truly 'silent record,' with no admonition whatsoever to, or examination of, the defendant."

Thus the court specifically refused to hold that the *Boykin* decision goes any further than to delineate the constitutional rights which are waived by a plea of guilty and affirm the proposition that such rights cannot be presumed to have been waived from a silent record. The defendant's contention that *Boykin* requires admonitions to the accused to include specific references to the rights waived upon entry of a plea of guilty was rejected outright.

■■ Defendant here also points out that the trial court's admonition concerning the penalty which might be imposed upon a finding of guilty based upon the plea did not include the maximum penalty prescribed by statute for the offense with which he was charged, that of death [Ill. Rev. Stat. 1967, ch. 38, par. 9—1], as required by Supreme Court Rule 401 [Ill. Rev. Stat. 1967, ch. 110A, par. 401] then in effect. We do not believe that this omission by the trial court is, under the circumstances of this case, error of sufficient magnitude as to require reversal. Defendant has not suggested that he would have pled otherwise had the court's admonition been complete. Neither has he established a resulting prejudice. The record is clear that the plea was entered subsequent to a conference and that the sentence actually imposed was well within the limits of the court's admittedly truncated admonition. See *People v. Gaytan,* (1970), (Ill.App.2d), 266 N.E.2d 488.

As noted above, our determination of the second issue raised in this appeal is based solely upon the factual considerations of the case. Nothing contained herein should be considered indicative of this court's approval of any relaxation or deviation of the requirements of Supreme Court 401 (Ill. Rev. Stat. 1967, ch. 110A, par. 401), now Rule 402.

Judgment affirmed.

GOLDBERG, P. J., and BURKE, J., concur.