THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOE N. BURT, Defendant-Appellant.

(No. 11524; )

Fourth District—April 27, 1972.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Mr. JUSTICE SMITH delivered the opinion of the court:

The Illinois Defender Project moved to withdraw as defendant's counsel and accompanied the motion with a brief in conformity with *Anders v. State of California*, 386 U.S. 738, 18 L.Ed.2d 493, 18 S.Ct. 1396. The record shows proof of service of the motion and the brief filed upon the defendant. The motion was continued for sixty days for the defendant to file any other further or additional suggestions. None were filed.

The defendant was arrested on June 8, indicted on June 15 on charges of armed robbery, burglary, aggravated assault, and unlawful use of weapons. The public defender representing him withdrew as counsel on September 14 because he had taken a position as an assistant State's Attorney. A new public defender was appointed, and the cause was continued to September 21, October 5, and October 21 on defense counsel's motion because he was engaged in other trials. On October 21, defendant moved for a discharge from custody under the 120-day rule. The motion was denied and the case proceeded to trial. After selection of the jury and opening statements on October 22, defendant moved to change his plea of not guilty to guilty on the charges of burglary, aggravated assault and unlawful use of weapons. The armed robbery count of the indictment was dismissed. He was sentenced from two to seven years on the plea. It appears clearly from the record that the guilty plea was entered and the sentence imposed as a part of and in conformity with a plea negotiation agreement. Defendant contends that the continuances should not be charged to him, but should be charged to the court and he should be discharged. There is no merit in this contention. A plea of guilty waives the defendant's constitutional and statutory rights to a speedy trial. *People v. De Cola*, 15 Ill.2d 527, 155 N.E.2d 622; *People v. Pritchett*, 29 Ill.2d 407, 194 N.E.2d 352.

The second point raised is that there was not a substantial compliance with Rule 402 (Ill. Rev. Stat. 1969, ch. 110A, par. 402), as presently constituted. On interrogation the defendant stated that he understood the nature of the charges and that he was pleading guilty because he

felt the charges were true. This came after the jury had been selected and the opening statements were made. Defendant stated he would plead guilty if he received the two to seven year sentence reached as a result of a plea negotiation agreement. (Vol. II; C-12.) This was the sentence imposed. The court inquired of the defendant why he was pleading guilty. The defendant replied that he was pleading guilty because the charges against him were true. This agreement was put into the record as required by the Rule. The defendant received the sentence imposed. There was substantial compliance with Rule 402.

In the discharge of our duties, we, too, have examined the record and agree that an appeal in this case is wholly frivolous and without merit, and concur with the conclusion of the Illinois Defender Project that there are no justiciable issues for review and that the appeal is frivolous. Accordingly, the petition of the Illinois Public Defender Project to withdraw as counsel for the defendant-appellant is allowed and the judgment or the trial court is affirmed.

Judgment affirmed.

TRAPP, P. J., and SIMKINS, J., concur.