THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIS RIDLEY, Defendant-Appellant.

(No. 56859;

First District—April 27, 1972.

*Rehearing denied June 1, 1972.*

Gerald W. Getty, Public Defender, of Chicago, (John T. Moran, Jr., and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Richard Pezzopane, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant was charged with armed robbery, and at arraignment entered a plea of not guilty. He subsequently withdrew his plea of not guilty, entered a plea of guilty to that charge, and was sentenced to three to four years. Defendant appeals, contending that the trial court committed reversible error in failing to comply with certain sections of Supreme Court Rule 402 in accepting his plea of guilty.

On September 1, 1970, the same day that Supreme Court Rule 402 became effective, the instant matter was called for trial. Defense counsel requested a conference with the trial court and assistant State's Attorney. At its completion, defense counsel advised the court that he had fully informed defendant of the results of the conference, and that defendant wished to enter a plea of guilty to the charge. After admonishing defendant, the trial judge accepted the plea of guilty. The terms of the plea agreement were not stated by the trial court or by defense counsel at any time in open court. A hearing in aggravation and mitigation was held, and defendant was sentenced.

Supreme Court Rule 402(b) provides as follows:

"Determining Whether The Plea Is Voluntary.

The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea." Ill. Rev. Stat., ch. 110A, par. 402(b).

The Committee Comments to Paragraph (b) of Rule 402 provide in part as follows:

"In contrast to current practice, paragraph (b) also requires that if the tendered plea is the result of a plea agreement, then the agreement must be stated in open court. It is important to give visibility to the plea agreement process in this way, as otherwise the defendant may feel required to state falsely that no promises were made and the plea may later be subject to collateral attack."

■■ In *Boykin v. Alabama,* 395 U.S. 238, the United States Supreme Court held that it was a violation of due process to accept a guilty plea unless the record affirmatively showed that a defendant voluntarily and understandingly entered a plea of guilty. In so holding, the court, at pp. 243-4, used language pertinent to the instant case:

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. * * * *and forestalls the spin-off of collateral proceedings that seek to probe murky memories.*" (Emphasis added)

■■ Under the foregoing principles, failure to state the terms of the plea agreement in open court in compliance with the provisions of Supreme Court Rule 402(b) constituted reversible error. Since the

guilty plea was accepted on the same date that the rule became effective, the failure to comply was understandable. Nevertheless, that noncompliance requires reversal.

■■ Paragraph (b) of Supreme Court Rule 402 requires that the terms of the plea agreement be stated in open court, and that the trial court confirm the terms of the agreement by questioning the defendant in open court. Neither of these requirements were met in the instant case. As we have noted, one of the purposes of the requirements, as expressed in *Boykin* and by the Supreme Court Rules Committee in its Comments, is to prevent a defendant from swearing falsely in a later collateral attack upon the proceedings that the terms of the agreement reached were other than the actual sentence imposed. Compliance with the requirements of this paragraph of the rule is essential in order to accomplish that purpose even where, as here, defendant makes no assertion that the sentence he received was greater than that agreed upon. Otherwise the multiplicity of collateral attacks upon original criminal proceedings, now inundating all courts, would continue.

Defendant also maintains that the court erred by not stating in open court its concurrence or conditional concurrence to the terms of the plea agreement, as required by Supreme Court Rule 402(d). In view of our holding in connection with Rule 402(b) above, we deem it unnecessary to consider this additional argument. Rule 402 has now been promulgated to the bench and bar, and compliance with all its provisions can be expected.

For the foregoing reasons, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

McGLOON, P. J., and DEMPSEY, J., concur.