THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSE DEAN HARTMAN, Defendant-Appellant.

(No. 71-127; )

Second District—July 21, 1972.

Ralph Ruebner and Paul Bradley, both of Defender Project, of Elgin, for appellant.

John B. Roe, State's Attorney, of Oregon, (Richard L. Caldwell, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

Defendant was sentenced on March 8, 1971, to serve a term of not less than two nor more than six years in the penitentiary for the offense of forgery pursuant to a negotiated plea agreement. He now seeks reversal of the judgment of conviction on the sole ground that his plea of guilty was not understandingly entered because the trial court did not inform him and determine that he understood the minimum and maximum sentence provided by law, not less than one nor more than fourteen years.

The 56 year old defendant was represented by private counsel, was carefully admonished of all his rights other than the single omission complained of, and participated knowledgeably in the hearing at which his guilty plea was accepted and sentence was imposed. The record indi-

cates he'd had an opportunity to discuss the matter with his counsel, that he'd been in the penitentiary several years before, and wished to waive a pre-sentence report on his background and prior convictions. The negotiated agreement was spread upon the record, and the trial Judge stated he would concur in the agreed sentence recommendation prior to accepting the plea.

The State's Attorney also agreed to write a letter to another state recommending it not proceed on another charge against the defendant. The trial judge asked the defendant if he understood that neither the State's Attorney, his own counsel, nor the court could guarantee that the other state would not want him, and the defendant responded: "I understand that, but the thing is, it would be a pretty hard chance of getting parole if they didn't, you know, if they throwed a hold on me down there, I would have to do all that time."

■■ The admonition concerning the minimum and maximum sentence should have been given as provided in Supreme Court Rule 402(a) (2) (Ill. Rev. Stat., 1971 ch. 110A, par. 402(a) (2)), but on the record of this case we cannot say its omission constitutes reversible error. In discussing the change from the former statutory requirement that defendant be informed of the maximum penalty, Committee Comments on the Rule state that "* * * notice of both the minimum and maximum will give the defendant a more realistic picture of what might happen to him." Defendant Hartman knew precisely what would happen to him so far as sentence for this offense was concerned prior to entering his guilty plea. The constitutional standard in Illinois since 1948, both pre and post-*Boykin*. (*Boykin v. Alabama*, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274), by which validity of a plea of guilty is to be determined is that it be intelligent and voluntary. *Boykin* does not alter or modify this standard, but only adds the requirement that if a guilty plea is to withstand appellate or post-conviction review the record must affirmatively disclose it was entered intelligently and voluntarily. (*People v. Reeves*, 1971, 50 Ill.2d 28, 276 N.E.2d 318.) The record in this case fully satisfies the constitutional standard and the *Boykin* requirement.

At the time the plea was entered the defendant seemed well satisfied with the bargain arrived at. The sentence resulting from the negotiated plea agreement was well within statutory limits, no prejudice to defendant is shown, and he does not suggest he would have pleaded otherwise if the court's admonition had been more complete. Substantial compliance rather than literal adherence to every term contained in Rule 402 was held sufficient and the judgment of conviction affirmed in *People v. Miller* (1972), 2 Ill.App.3d 851, 277 N.E.2d 898, and *People v. Trentner* (1972), 3 Ill.App.3d 889, 279, N.E.2d 130. As well stated in *People v.*

*Walsh*, 1972, 3 Ill.App.3d 1042, 279 N.E.2d 739, 741, there is no approval of any relaxation of Supreme Court Rule 402, but the error, under the circumstances of this case, is not of sufficient magnitude to require reversal.

Judgment affirmed.

T. MORAN and ABRAHAMSON, JJ., concur.