THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JUAN GARCIA, Defendant-Appellant.

(No. 72-23;

Third District—November 16, 1972.

James Geis, of Defender Project, of Ottawa, for appellant.

L. E. Ellison, State's Attorney, of Morrison, for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Pursuant to plea negotiations Defendant, Juan Garcia, entered his plea of guilty in the Circuit Court of Whiteside County to the charge of sale of narcotics. The court pursuant to the terms of the plea bargain sentenced defendant to two to twelve years in the penitentiary and fined him $2,000.

The only question raised on this appeal is whether the court complied sufficiently with Supreme Court Rule 402. (Ill. Rev. Stat. 1971, Chap.

110A, R. 402.) There is no question but that the parties negotiated a plea agreement, that the People made the recommendations required by the agreement and that the sentence imposed was in accord with the terms of the agreement.

The court advised the defendant of the minimum and maximum penalties for the offense charged, his right to a jury trial and the nature of the offense charged. The court also ascertained there was a factual basis for the offense and imposed sentence pursuant to the plea agreement as disclosed to the court.

Supreme Court Rule 402 (b) requires the court to have the terms of the plea agreement stated in open court and by questioning the defendant personally, (1) confirm the terms of the plea agreement and (2) determine whether any force or threats or any promises apart from the plea agreement were used to obtain the plea. It is undisputed from the record that no inquiries were made of defendant concerning force, threats or other promises or whether his plea was voluntary.

Defendant has directed our attention to *People v. Ridley*, 5 Ill.App.3d 680, 283 N.E.2d 37, in support of his claim that the court did not comply with the Supreme Court Rule. On the other hand the People urge the application of the rule that substantial compliance with Supreme Court Rule 402 is all that is required, citing, *People v. Burt*, 5 Ill.App.3d 333, 282 N.E.2d 221; *People v. Walsh*, 3 Ill.App.3d 1042, 279 N.E.2d 739; *People v. Hartman*, 6 Ill.App.3d 543, 285 N.E.2d 600 and *People v. Warship*, 6 Ill.App.3d 461, 285 N.E.2d 224.

The decisions interpreting and applying Rule 402 are not completely harmonious and the Rule itself as a developing principle has not as yet achieved its intended purpose. According to the Committee Comments the purpose of this Rule is to preclude or reduce the likelihood of collateral attacks upon the judgment for reasons which could have been obviated by adequate admonition and inquiry at the time the plea was accepted and sentence imposed.

The People argue that absent actual prejudice substantial compliance with the Rule should be sufficient and it is true that the absence of prejudice has been deemed of significance in such cases as *People v. Burt*, 5 Ill.App.3d 333, 282 N.E.2d 221. The presence of prejudice would of course present a different problem. Both the rule and its avowed purpose are operative in areas where prejudice would be difficult to prove and where fairness may not depend on absence of prejudice as a general rule.

Whether a plea agreement is voluntary is of course basic to the spirit and intent of plea bargaining and in our judgment compliance with the Rule in this respect is of vital importance. In urging that the court substantially complied with the Rule the People point in particular to the

fact that after the plea agreement was stated the court asked defendant whether he understood the agreement and the defendant affirmed that he did. Additionally the People call our attention to the fact that the defendant indicated he was pleading guilty because he was guilty. While we do not believe a literal compliance with the Rule is required nevertheless the Rule must be generally complied with or the beneficial effect of the Rule will not be achieved.

It is our conclusion that the trial court did not make sufficient inquiries concerning any force, threats or other promises and accordingly this case is remanded to the trial court with directions that such inquiries be made of defendant in open court. The judgment and sentence of the Circuit Court of Whiteside County is affirmed unless such further inquiries indicate that the plea was not voluntary. If the court determines that the plea was not voluntary then the judgment and sentence shall be vacated and further proceedings had.

Judgment affirmed and remanded.

ALLOY and DIXON, JJ., concur.