THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL ORLANDO SCOTT, Defendant-Appellant.

(No. 72-49;

Third District—January 31, 1973.

John L. Barton, of Defender Project, of Ottawa, for appellant.

L. E. Ellison, State's Attorney, of Morrison, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Daniel Orlando Scott entered a plea of guilty to a charge of burglary in the circuit court of Whiteside County. His plea was made pursuant to negotiations with the Public Defender and the State's Attorney. By the terms of the plea agreement, defendant was to be placed on probation for a term of three years with the first ten months of that time to be spent at the Illinois State Penal Farm at Vandalia. The court, after admonition to the defendant concerning his rights, placed him on probation for a term of three years with the first ten months of the time to be spent at the Illinois State Penal Farm at Vandalia in precise compliance with the plea negotiation arrangement.

■■ The sole question raised on appeal is whether the trial court sufficiently complied with Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, Rule 402), in that by the terms of Rule 402(b) the court is to determine that the plea of guilty is voluntary before accepting such plea and under Rule 402(d) to state in open court the concurrence of the court or conditional concurrence in the terms of the plea agreement. We believe that the record sufficiently shows that the court in fact did concur with the terms of the plea agreement as a result of the action taken by the court. The only question which remains is whether there was sufficient compliance with Rule 402(b) in which the court is to determine whether any force or threats or promises apart from the plea agreement were used to obtain the plea of guilty. No specific inquiries were made on this subject.

■■ Defendant contends that under the precedent of *People v. Ridley*, 5 Ill.App.3d 680, 284 N.E.2d 37, the failure of the court to make such inquiry requires reversal. We do not believe there is any such absolute requirement and that in each case the court should determine whether there has been substantial compliance as was noted in the cases of *People v. Burt*, 5 Ill.App.3d 333, 282 N.E.2d 221; *People v. Walsh*, 3 Ill.App.3d 1042, 279 N.E.2d 739; *People v. Hartman*, 6 Ill.App.3d 543, 285 N.E.2d 600, and *People v. Warship*, 6 Ill.App.3d 461, 285 N.E.2d 224. It is also pointed out that there is no prejudice shown to defendant in this case and that there is no assertion by defendant on appeal that there was in fact any force, threats or other promises made to obtain his guilty plea. As stated in *People v. Walsh*, 3 Ill.App.3d 1042, 279 N.E.2d 739, while we do not approve any relaxation of Supreme Court Rule 402, where the error under the circumstances of a particular case is not of sufficient magnitude, there should be no reversal.

■■ We have had occasion in the recent case of *People v. Garcia*, 8 Ill.App.3d 542, 289 N.E.2d 637, to consider precisely the issue which is before us in this case. In that case we determined that where the record

shows, as it does here, that the court did not make sufficient inquiries concerning any force, threats or other promises, it would be expedient to remand the cause to the trial court for the limited purpose of making such inquiries of defendant in open court. Accordingly, in the cause before us, we affirm the judgment and sentence of the circuit court of Whiteside County subject only to further inquiries to be made by the trial court as herein stated. We, therefore, remand this cause to the trial court with directions that inquiries be made of defendant concerning any force, threats or other promises to obtain his plea of guilty in this case. If the trial court determines that the plea was not voluntary, then the judgment and sentence shall be vacated and further proceedings had in such court, otherwise the affirmance of the judgment shall stand.

Judgment affirmed and remanded.

STOUDER and DIXON, JJ., concur.