THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES TALBOT, Defendant-Appellant.

(No. 71-149;

Third District—February 9, 1973.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

William K. O'Connor, State's Attorney, of Cambridge, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Charles Talbot pleaded guilty to Deceptive Practices and was sentenced to the State Penal Farm at Vandalia for a period of one (1) year by the Circuit Court of Henry County. On appeal in this court, defendant

contends that although he pleaded guilty to the indictment pursuant to the negotiations between himself, his attorney and the State's Attorney (by the terms of which another indictment was to be dismissed and the sentence was to be one year in the State Penal Farm at Vandalia), he asks for reversal on the basis that the trial court failed to meet certain requirements of Supreme Court Rule 402(b) and 402(d).

The record in the case indicates that Charles Talbot was charged with Deceptive Practices in two counts and that on the 12th day of July, 1971 he first pleaded not guilty to both complaints. On July 20, 1971, he changed his plea to guilty as to one of the charges. By the terms of an arrangement made by defendant, defendant's attorney and the State's Attorney, one of the charges lodged against Talbot was to be dismissed and the State would recommend a sentence of one year at the State Penal Farm at Vandalia. Defendant was in fact sentenced to a term of one year at Vandalia and the charge to which he did not plead guilty was dismissed. A traffic charge was also dismissed. Defendant claims that although he was admonished by the court, in part, prior to sentencing, the court did not make a record of the plea negotiations prior to accepting his guilty plea or indicate the disposition of the court with respect to the negotiations or the plea of guilty.

The only question, therefore, which is raised on appeal is whether the trial court sufficiently complied with Supreme Court Rule 402. (Ill. Rev. Stat. 1971, ch. 110A, rule 402.) Defendant concedes that the court did in fact review the negotiations which resulted in the plea of guilty and that the court did in fact follow the recommendation in sentencing defendant. Defendant states that the trial court did not make such inquiry until shortly after his guilty plea had been accepted nor did the court indicate that it accepted such terms of the negotiations.

■■ It is contended by defendant that under the precedent of *People v. Ridley,* 5 Ill.App.3d 680, 284 N.E.2d 37, the failure of the court to make the inquiry requires that this cause be reversed. As we have indicated in *People v. Scott* (1973), 9 Ill.App.3d 626, we do not believe that there is an absolute requirement that the court follow a precise order of compliance with Rule 402 but that in fact we should examine each case and the record presented in this court to determine whether there has been substantial compliance in the case. (*People v. Burt,* 5 Ill.App.3d 333, 282 N.E.2d 221; *People v. Walsh,* 3 Ill.App.3d 1042, 279 N.E.2d 739.) We there pointed out that we agreed with the court in *People v. Walsh,* 3 Ill.App.3d 1042, 279 N.E.2d 739, and stated that, while we do not approve of any relaxation of Supreme Court Rule 402, where the error asserted under the circumstances of a particular case is harmless and is not of sufficient magnitude, there should be no reversal.

It is sufficiently shown by the record in this case that the trial court did in fact concur with the terms of the plea agreement as a result of the action taken by the court. At the hearing on July 20, 1971, the trial court, following the request by defendant to change his not guilty plea to guilty, asked defendant whether he was changing his plea voluntarily, intelligently, understandingly and knowingly and the court likewise asked whether anybody had threatened him in any way. Defendant stated that no threats were made. Defendant was also advised that the court could sentence him to imprisonment of one year or a fine of $500 or both, and likewise asked the defendant whether he was in fact guilty of the charge. Defendant recited that he did write the check at a time when he had no money in the bank. Further inquiry was made by the court after it announced that it was accepting the plea of guilty, and, at this time, as part of the same hearing, it was disclosed that there had been pretrial plea negotiations with defendant and the specific nature of the arrangement which was made was detailed to and by the court. It was also pointed out that defendant had written additional checks for which he would not be prosecuted and that one of the two pending charges would be dismissed. The trial court then stated that the recommendation of the State's Attorney was on the record and asked defendant if he had anything further to say on that subject. Defendant stated he did not, and the court thereupon sentenced him to precisely the one year sentence which had been agreed upon and noted the dismissal of the other charge by the State's Attorney.

■■■ If the procedure undertaken by a trial judge in accepting a plea of guilty operates to the disadvantage of defendant, then, it is clear, a court of review may reverse. But, if the error complained of is harmless and is based upon a technical contention relating only to the order in which the court has made a record as to plea negotiations, then certainly there is no basis for reversal. Under the circumstances and in view of the record, we believe it is clear that there was substantial compliance with Rule 402 and that there was no reversible error in the action of the trial court with respect to defendant Talbot. The judgment, accordingly, will be affirmed.

Affirmed.

STOUDER and DIXON, JJ., concur.