THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VINCENT ROSS JONES, Defendant-Appellant.

(No. 12007;

Fourth District—April 25, 1974.

G. Michael Cooper, III, R. Eugene Pincham, and Charles B. Evins, all of Chicago, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert James Steigmann, Assistant State's Attorney, and Craig Greenwood and Keith Luymes, both Senior Law Students, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his conviction and sentence upon a plea of guilty to burglary. Sentence of 1 to 5 years was imposed.

On appeal it is urged that the admonishment pursuant to Supreme Court Rule 402 (50 Ill.2d R. 402) was inadequate because the terms of the plea agreement were not properly set forth in the record, that the trial court abused its discretion by denying probation, and that the sentence is excessive.

The plea was tendered at the time of defendant's arraignment. The trial court admonished defendant pursuant to Supreme Court Rule 402. Thereafter, the prosecutor indicated that the plea was the result of prior negotiations by counsel and defendant, and that it had been arranged that defendant would plead guilty to burglary and move for probation; that the prosecution would abide the recommendation of the probation officer and would not oppose probation if such was recommended; that

the People would not seek any terms or conditions in excess of those recommended in the probation report and that the prosecution would enter a *nolle prosequi* on an indictment charging defendant with forgery. The defendant then indicated that he understood the recommendations as stated and that no other recommendations had been communicated to him. The court advised the defendant in some detail that it was not bound by recommendations of either the State's Attorney or the probation officer, and made clear that the sentence could be any number of years with a minimum of one year.

A continuance was entered pending filing of the probation report. The report subsequently filed recommended a denial of probation. Such report was introduced into evidence, testimony and arguments heard, and the court determined to deny probation.

The following thereafter occurred:

"THE COURT: What was the recommendation at the time of the plea here?

THE STATE: Your Honor, I believe that the recommendation The People indicated to the Court and defendant we would make in the event of denial of probation was a penitentiary sentence of one to six years.

DEFENSE COUNSEL: That is correct.

THE COURT: That is the recommendation, one to six?

DEFENSE COUNSEL: Yes, sir."

The record indicates that defendant was present at these proceedings and that he made no comment in response to counsel's concurrence with the terms of the plea agreement.

Defendant claims a misunderstanding in that the prosecution's proposal to recommend a sentence of 1 to 6 years was not communicated to him. It is not contended that a lesser recommendation was promised. At both the hearing on probation and the hearing in aggravation and mitigation the prosecution indicated that the terms of the agreement included such sentence recommendation in the event probation would be denied. Defendant was present at such hearing and remained silent when such recommendations were stated into the record. Defendant's counsel expressly agreed that the plea agreement included the possible 1-to-6 year recommendation. In addition, at the hearing on the motion for probation, the prosecution indicated that such recommendation was communicated to the defendant, his counsel concurred in the statement and defendant made no response or objection.

■■ Defendant's contention that the initial statement of the plea arrangement did not include the prosecutor's proposed sentence recom-

mendation is a technical contention without relation to the fact of error. Examination of the record shows substantial compliance with Supreme Court Rule 402. *People v. Talbot,* 9 Ill.App.3d 688, 292 N.E.2d 561.

■■ The requirement in Supreme Court Rule 402(b) that the terms of the plea arrangement be made a part of the record was designed to prevent the defendant from swearing falsely in a later collateral attack upon the proceedings that the terms of the arrangement reached were not fulfilled. (*People v. Ridley,* 5 Ill.App.3d 680, 284 N.E.2d 37. See also Committee Comments to Supreme Court Rule 402.) In the light of this record, such function of the Supreme Court Rule has been performed.

■■ Defendant here argues that he felt that "he would qualify for probation" for otherwise he would not have pleaded guilty and says that it is unreasonable to believe that defendant and his counsel "would accept such negotiation of the results of the conference (presumably the plea negotiations with the State's Attorney) had not discussed that * * * he would qualify for probation". The argument is novel but does not stand firmly in the light of the court's admonition that the question of probation would be determined by the court following the hearing. Counsel have not advised of any procedure whereby counsel may determine, prior to defendant's plea, that a defendant is "qualified" for probation, nor can it be said that the fact a prosecutor negotiates a plea constitutes such a determination. The argument is without merit.

■■ It is also urged that because the trial court granted a continuance to await the filing of the probation report, the trial court "conditionally concurred in the result of that agreement", and that when the report recommended the denial of probation, defendant should have been given the opportunity under Supreme Court Rule 402(d)(2) to withdraw his plea of guilty. This argument is totally without merit. No authority has been cited for the proposition that the granting of a continuance awaiting the filing of a probation report constitutes concurrence in the plea agreement, and we hold that it does not. The trial court made absolutely certain that the defendant was aware the trial court was in no way bound by either the probation report or the State's Attorney's recommendation. The Committee Comments to sub-paragraph (d)(3) state that:

> "Where there is a plea agreement but no concurrence or conditional concurrence by the judge * * *, the judge is required to advise the defendant that he is not bound by the agreement stated in court at the time of the plea. This caution will remove any possibility of an inference by the defendant that the judge's awareness of the agreement indicates concurrence in it."

Supreme Court Rule 402(d)(2) is not applicable to the facts of this case,

and upon such facts and under Rule 402(d)(3) the trial court, at no time, was under any duty to offer defendant the opportunity to withdraw his plea.

■■ Defendant also asserts that the trial court should have admonished him that his prior probation would disqualify him for probation. There is no statutory ineligibility for probation. Ill. Rev. Stat., 1972 Supp., ch. 38, pars. 1005—5—3(d)(1) and 1005—5—3(g).

Defendant contends that the court "should have gone beyond the very language used in Supreme Court Rule 402" in order that there be a knowing plea. The argument implies a bizarre revision of the system of criminal procedure in that a tendered plea of guilty is revocable at will upon denial of probation. Defendant was thoroughly admonished concerning the consequences of the plea and the granting or denial of probation so that the argument has no merit.

■■ Defendant asserts that the trial court abused its discretion in denying probation. Upon review here, the question is whether the court did exercise discretion upon the facts appearing in the record or acted arbitrarily. (*People ex rel. Ward v. Moran*, 54 Ill.2d 552, 301 N.E.2d 300.) That case held that the exercise of judicial discretion lies in a factual consideration to be made by the trial court. Nothing in this record suggests that the court considered matters outside of the record, or otherwise acted arbitrarily. (*People v. McAndrew*, 96 Ill.App.2d 441, 239 N.E.2d 314.) The court certainly could not ignore that defendant had rapidly accumulated a number of offenses. This offense was committed ten days after he had been placed on probation for a federal misdemeanor. A part of the plea arrangement provided for the dropping of a forgery charge. No real basis can be found for asserting that the court acted arbitrarily.

■■ Similarly, the record does not sustain the argument that the sentence imposed was excessive. The minimum sentence for burglary, a Class 2 felony, (Ill. Rev. Stat. 1973, ch. 38, par. 19—1(b)) is 1 to 3 years in the penitentiary. The maximum sentence which may be imposed is 20 years. (Ill. Rev. Stat. 1973, ch. 38, pars. 1005—8—1(b)(3), (c)(3).) The court actually imposed a lesser sentence than that discussed during the plea negotiations. We find no valid basis for concluding that the sentence was excessive.

The judgment is affirmed.

SMITH, P. J., and SIMKINS, J., concur.