THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILFRED A. AMADO, Defendant-Appellant.

(No. 58271;

First District (1st Division)—July 15, 1974.

James P. Hilliard, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and John B. Adams, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

The defendant, Wilfred A. Amado, was originally charged by indictment with the crime of murder in violation of section 9—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 9—1). Following pretrial negotiations, he entered a plea of guilty to the lesser included offense of voluntary manslaughter. (Ill. Rev. Stat. 1971, ch. 38, par. 9—2). The trial court accepted defendant's plea and after a hearing in aggravation and mitigation, defendant was sentenced to a term of 5 to 13 years in the Illinois State Penitentiary. Defendant appeals.

Defendant contends on appeal that the trial court did not properly admonish him concerning his guilty plea, pursuant to Supreme Court Rule 402. (Ill. Rev. Stat. 1973, ch. 110A, par. 402.) In support of this contention, defendant argues that the lack of adherence to Supreme Court Rule 402 is demonstrated by the court's failure to state the terms of the plea agreement in open court.

The relevant portion of Supreme Court Rule 402 is:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law,

      *   *   *

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him.

(b) Determining Whether the Plea is Voluntary. The Court shall not accept a plea of guilty without first determining that the

plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea."

██ We find no merit in the defendant's contention that Supreme Court Rule 402 was not complied with because the court failed to state the terms of the plea agreement in open court. As we stated recently in *People v. Battie*, 19 Ill.App.3d 806, 313 N.E.2d 203,

"The overriding concern is that a guilty plea represent a voluntary and intelligent choice among the alternative courses of action open to the defendant. (*North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed.2d 162, 91 S. Ct. 160.) Supreme Court Rule 402 is not a rigid formula, which must be literally followed by the trial judge. Substantial compliance with its requirements is all that is necessary to protect the rights of the accused. (*People v. Shepard*, 10 Ill.App.3d 739, 295 N.E.2d 310.)"

In the instant case the defendant's privately retained counsel in open court informed the trial court that he had talked to the defendant and that the defendant wished to withdraw his plea of not guilty and enter a plea of guilty to manslaughter. The trial court informed the defendant and stated in open court that there had been a conference between the defendant's attorney, the Assistant State's Attorney, and the trial court. The court further stated that the defendant's attorney had made a recommendation, the State made a certain recommendation and the trial court had agreed "to what the case was worth." Prior to accepting the defendant's plea, the trial court stated one of the terms of the plea agreement, namely that the State had agreed to reduce the charge to the lesser included offense of manslaughter. The trial court however did not, prior to accepting defendant's plea, state the specific sentence he had agreed to impose. The court's statement imposing the sentence for a period of not less than 5 years nor more than 13 years occurred after the acceptance of the defendant's plea.

As this court stated in *People v. Talbot*, 9 Ill.App.3d 688, 690, 292 N.E.2d 561, 563:

"If the procedure undertaken by a trial judge in accepting a plea of guilty operates to the disadvantage of defendant, then, it is clear, a court of review may reverse. But, if the error complained of is harmless and is based upon a technical contention relating only to the order in which the court has made a record

as to plea negotiations, then certainly there is no basis for reversal."

■■ In view of the record in this case, we are of the opinion that there was substantial compliance with Rule 402(b) and the manner in which the trial court accepted the plea did not operate to defendant's disadvantage or prejudice.

Defendant also contends that the trial court failed to advise him as to the nature of the offense in violation of Supreme Court Rule 402(a) (1) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(1)). Defendant's counsel on appeal states that the transcript of the change of plea proceedings demonstrates that the trial court admonished the defendant using the term "manslaughter" but did not qualify the term as voluntary manslaughter under section 9—2 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 9—2) or involuntary manslaughter under section 9—3 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 9—3). Defendant's counsel further maintains that voluntary manslaughter is a Class 2 felony and has a minimum term of 1 year and a maximum of 20 years imprisonment (Ill. Rev. Stat. 1973, ch. 38, pars. 9—2(c) and 1005—8—1 (b)(3)) whereas involuntary manslaughter is a Class 3 felony and has a minimum term of 1 year and a maximum term of 10 years. (Ill. Rev. Stat. 1973, ch. 38, pars. 9—3(c)(1) and 1005—8—1(b)(4).) Defendant's counsel intimates that there may have been some confusion in the defendant's mind as to which variety of manslaughter he was pleading guilty to and therefore the cause should be remanded and defendant given the opportunity to plea anew or in the alternative this court should reduce the degree of the offense to involuntary manslaughter pursuant to the discretion vested in it by Supreme Court Rule 615(b)(3). Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(3).

■■ As this court stated in *People v. Wright,* 2 Ill.App.3d 304, 306, 275 N.E.2d 735, 736:

"This court has held that the rule does not require the court to recite all the facts which constitute an offense. What is required is that the court state to the accused, the essence or general character of the offense. (*People v. Harden,* 78 Ill.App.2d 431, aff'd 38 Ill.2d 559.) In *People v. Carter,* 107 Ill.App.2d 474, it was held that the defendant was advised of the nature of the charge by the court's statement that the plea was to aggravated kidnapping.

Although the requirements of the rule relating to the acceptance of guilty pleas must be carefully complied with, the remarks and advice of the court must be read in a practical manner. (*People v. Domico,* 15 Ill.2d 590.) Furthermore, when determin-

ing whether a defendant understands the nature of the charge, it is proper for the court to consider the entire record. *People v. Doyle,* 20 Ill.2d 163, *People v. Harden, supra."*

The record in the present case reveals that defendant intelligently responded to the trial court's inquiry regarding his knowledge of the nature of the offense. While a defendant might not understand a charge couched in technical terms, the charge here was presented to the defendant in the simplest terms possible. Moreover, the record affirmatively indicates that the defendant was aware that the trial court intended to sentence him for the offense of voluntary manslaughter:

"THE COURT: You also know on a finding of guilty to the lesser included manslaughter charge, you can be sentenced to the penitentiary from one up to 20 years, 19 to 20 years, 18 to 20 years or one to 20 years, any number of years like that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that?

THE DEFENDANT: Yes, your Honor."

The record also reveals that when the trial court accepted the defendant's plea of guilty, the court stated that, "there will be a finding of guilty of voluntary manslaughter" and that at the conclusion of the hearing the defendant said "Thank you" to the trial judge.

■■ We are of the opinion that there was substantial compliance with Supreme Court Rule 402(a)(1). The inadvertent failure of the trial judge to specify the offense of "voluntary" manslaughter prior to his acceptance of the plea is, in our opinion, harmless error. The record indicates that defendant was charged with a serious crime and the evidence against him was of a compelling nature. Defendant, after consulting with his privately retained and highly experienced trial attorney, chose the alternative which he deemed to be in his best interest, namely pleading guilty to the lesser included offense of voluntary manslaughter. The record indicates that defendant was fully aware of the nature of the offense and the resultant ramifications prior to the time his plea of guilty was accepted by the trial judge. We do not believe that this omission by the trial court is, under the circumstances of this case, error of sufficient magnitude as to require reversal. (*People v. Walsh,* 3 Ill.App.3d 1042, 279 N.E.2d 739.) Moreover, we can perceive no reason which would justify the exercise of our discretion pursuant to Supreme Court Rule 615(b)(3) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(3)) to reduce the degree of the offense in this case.

■■ Defendant contends that the offense of voluntary manslaughter is a Class 2 felony under the Unified Code of Corrections. (Ill. Rev. Stat. 1973, ch. 38, par. 9—2(c).) He further contends the minimum term of

imprisonment for a Class 2 felony cannot exceed one-third of the maximum term imposed, and that the maximum term imposed in the present cause was 13 years and therefore the minimum must be reduced to 4 years and 4 months. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3).) The People concur in this contention. We are of the opinion that since the instant case has not yet reached final adjudication, the minimum term imposed must be modified to a term of 4 years and 4 months. *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269; *People v. Peeler*, 12 Ill. App.3d 940, 299 N.E.2d 382.

For these reasons, the sentence imposed upon defendant is modified to a minimum term of 4 years and 4 months and a maximum term of 13 years, and the judgment as so modified is affirmed.

Judgment affirmed as modified.

EGAN, P. J., and GOLDBERG, J., concur.