THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERNESTO ALFARO *et al.*, Defendants-Appellants.

Second District   No. 76-452

Opinion filed May 11, 1978.

SEIDENFELD, P. J., specially concurring.

Dominic Gentile and James P. Spitale, both of Houston, Texas, for appellants.

William J. Cowlin, State's Attorney, of Woodstock (Phyllis J. Perko and Stephen M. Deitsch, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

In a negotiated plea the defendants herein pled guilty to the charge of murder of their brother. Ernesto Alfaro was sentenced to a term of 14-20

years and Mario Alfaro was sentenced to a term of 14-25 years. The defendants filed separate but identical motions to withdraw their pleas of guilty, pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)). The trial court, after argument, without an evidentiary hearing, granted the State's Attorney's motion to dismiss defendants' motions to withdraw their pleas of guilty. Defendants appeal, seeking to have the cause remanded to the trial court for a hearing on the merits of the motions.

The issue presented is whether the trial court erred in dismissing the motions to withdraw defendants' guilty pleas without an evidentiary hearing.

Inasmuch as this was a negotiated plea of guilty with no evidence presented, we have only the State's Attorney's factual statement of what occurred, which was agreed to by defense counsel, and the statements of Cesareo and Octavio made in their presentence investigation which have been filed as a supplemental record by the defendants herein. On June 22, 1975, Mario S. Alfaro and his three brothers, Cesareo, Octavio and Ernesto, were picnicking in the Big Foot State Park in Wisconsin. They saw their brother, Rogelio, at the park in another vehicle. Rogelio made an obscene gesture at them as he passed their picnic site and Ernesto and Mario got in a car to follow Rogelio, with Octavio and Cesareo joining them in this vehicle. They then chased Rogelio from the Lake Geneva area to Hebron, Illinois. During the chase Ernesto put a gun out of the window of his car and pointed it at the victim's car, but did not shoot. When the four brothers either curbed or hit the motor vehicle of their brother Rogelio, in which Rogelio's wife, his brother-in-law and Rogelio's five children were also riding. Mario and Ernesto got out of their vehicle. Mario fired four shots from a .30-caliber rifle, one of which struck Rogelio in the back resulting in his death. The four brothers were indicted for murder. According to Cesareo's statement, he did not exit the vehicle until after the shooting and according to Octavio's statement he heard the shots being fired but did not see the shooting. The State's Attorney nolle prossed the murder indictment as to Cesareo and Octavio and an information was filed charging these two brothers with the separate offense of aggravated battery against another brother named Saul Alfaro. Pursuant to a negotiated plea, on November 13, 1975, Octavio and Cesareo were each sentenced to a period of 3 years' probation and fined $1000.

On the same day the defendants Ernesto and Mario Alfaro moved the court to withdraw their pleas of not guilty and enter negotiated pleas of guilty to the charge of murdering their brother Rogelio. They now seek to withdraw those pleas.

The basis for the identical motions for leave to withdraw the pleas of guilty is, first, that the defendants were coerced into agreeing to the negotiated plea because the State's Attorney of McHenry County indicated to the defendants that if they did not plead guilty their other two brothers would be prosecuted for murder, even though they were not, in fact, guilty of murder. The second argument presented in these motions is that the defendants were repeatedly and continuously badgered by their brothers and other family members to plead guilty so that the brothers Octavio and Cesareo might be given probation on a lesser charge. It is to be noted, however, that in the affidavits of Ernesto and Mario supporting the motions, they state that they were advised *by their attorney* that the State's Attorney would not allow the brothers Octavio and Cesareo to enter a plea of guilty to a separate charge of aggravated battery unless they entered a plea of guilty to the charge of murder. It can thus be seen that the affidavit indicates that the defendants' counsel purportedly advised them of this arrangement and not the State's Attorney, as contained in the motion to withdraw the pleas of guilty.

■■  At the outset we recognize that the permission to withdraw a plea of guilty is discretionary with the trial court and is not a matter of right. We do not feel it necessary to cite authority for this as over five pages of cases so holding may be found in 10 Ill. Dig. *Criminal Law* §274(2) (West 1976). Obviously the question resolves itself as to whether the court has abused that discretion in the case before it.

It is to be expressly noted that both defendants were present when the factual basis for the pleas was explained to the court and they agreed that the factual statement was correct. It is further to be noted that in their affidavits supporting the motions to withdraw their pleas of guilty the appellants now say they are innocent.

At this juncture it is important to examine a portion of the admonition which the trial court gave to Ernesto Alfaro in the presence of this brother Mario Alfaro and their respective privately retained counsel and we quote from the record, in pertinent part:

> "Q. (By the court to Ernesto Alfaro) Other than the agreement by the State to recommend to this Court a sentence of 14 to 20 years, have any other promises been made to you to persuade you to plead guilty to this charge?
>
> A. No.
>
> Q. Have you been threatened or menaced in any way by anyone to persuade you to plead guilty to this charge?
>
> A. No.
>
> * * *
>
> Q. Is there anything about the agreement in the cases of the other three brothers that is persuading you to plead guilty to this charge?

A. No.

Q. Are there any family pressures that are persuading you to plead guilty?

A. No.

* * *

Q. Why would you plead guilty to a crime you did not commit?

A. Because it's just—as I said before, morally I don't feel that I'm guilty. But, before the law I say that I do feel guilty.

* * *

Q. And do you want the Court, again, to accept your plea of guilty?

A. Yes.

Q. And what will happen to Mario, Cesareo, or Octavio would make no difference in what—in your plea of guilty, is that correct?

A. Yes."

The following colloquy took place between the trial court and Mario Alfaro:

Q. [By the court to Mario Alfaro]: Other than the agreement by the State to recommend a sentence of 14 to 25 years, have any other promises been made to you to persuade you to plead guilty to this charge?

A. No.

Q. Has anyone threatened you or menaced you in any way to persuade you to plead guilty?

A. No.

Q. Is there anything about your treatment while you were in custody for 27 days or your treatment while you have been in court or the conduct of the State's Attorney or anyone in the Probation Department that is persuading you to plead guilty?

A. No. Everything was perfect.

* * *

Q. Did you fire the gun?

A. Yes.

Q. Did you intend to kill or to harm Rogelio?

A. I intended to harm him.

Q. All right.

And you knew that the firing of the gun could cause his death?

A. Yes.

Q. Mario Alfaro, is there any question in your mind about about your having committed this offense?

A. No.

Q. Do you want the Court to accept your plea of guilty?

A. Yes."

■■■ The appellate court in *People v. Norris* (1977), 46 Ill. App. 3d 536, 539-40, 361 N.E.2d 105, 108, made the following statement relative to the necessity of an evidentiary hearing on a motion to withdraw a plea of guilty:

> "Although we do not agree with defendant's belief that *any* allegation of error going to the propriety of the plea proceedings automatically mandates an evidentiary hearing, such a hearing may be required in some situations. * * * Since the motion may be based on facts outside the record, an evidentiary hearing must necessarily be contemplated where a defendant, by his supporting affidavits, has alleged sufficient facts to challenge the correctness of the plea proceedings. * * * Similarly a defendant seeking to withdraw his guilty plea must plead factual allegations demonstrating the need for an evidentiary hearing. There is no automatic right to withdraw a guilty plea."

The question before us, therefore, is whether or not the defendants have alleged sufficient facts to challenge the correctness of the plea proceedings in that they were "coerced" by the State's Attorney through their attorney and by the "badgering" of their family and by their further assertion of innocence. This is completely belied by the colloquy between the court and the defendants.

In *People v. Linden* (1975), 27 Ill. App. 3d 45, 325 N.E.2d 809, we find a situation somewhat similar to the case before us. In *Linden*, the defendant, represented by private counsel, moved to vacate his plea of guilty. The trial court, after hearing arguments, dismissed the defendant's motion without an evidentiary hearing. This court found that the trial court's determination would not be disturbed unless the facts showed that a plea of guilty was made under a misapprehension of law or fact and that the defendant had a defense worthy of consideration, or that there was doubt of the guilt of the accused and the ends of justice would be better served by trial. In addition, we found that an allegation of innocence was insufficient where the defendant had been adequately informed of the nature of the charge and had pled guilty thereto. There is no doubt in the opinion of this court that the defendants herein were properly informed of the charges against them and knowingly pled guilty. The trial court expressly asked Ernesto, in the presence of his brother, Mario, if there had been any family pressures or other threats or promises which influenced his plea. Ernesto, under oath, denied the existence of any threat or pressure. Mario, likewise, stated that he had not been threatened or pressured by anyone in any way.

The defendants have cited *People v. Scott* (1973), 9 Ill. App. 3d 626, 292 N.E.2d 583, and *People v. Garcia* (1972), 8 Ill. App. 3d 542, 289 N.E.2d

637. These cases are totally inapplicable to the case before us. In both *Garcia* and *Scott* the trial court did not properly admonish the defendants under Supreme Court Rule 402(b) and the causes were remanded with directions that such inquiries be made of the defendant in open court. That is not the situation before us where the admonitions of the trial court were not only in full compliance with Supreme Court Rule 402(b) but went beyond those requirements. We do not find the other cases cited by the defendants in point or applicable to the factual situation before us. The defendants admitted in open court that the factual basis for the negotiated plea was accurate and that they were guilty.

■■ The supreme court in *People v. Spicer* (1970), 47 Ill. 2d 114, 264 N.E.2d 181, considered a post-conviction hearing petition which we believe is analogous to the motion before us. The court, after stating that the general rule was that it was within the sound discretion of the trial court of whether a plea of guilty may be withdrawn, went on to say:

"As we have held, nonmeritorious petitions may be dismissed without a hearing on the basis of what is contained in the petition and what is revealed in the record of the trial or other proceedings. * * *

* * * At the time defendant entered his guilty plea he was specifically asked and he expressly denied that 'anyone had encouraged [him] to enter a plea of guilty on the basis of some threat or promise or anything at all of that nature to get [him] to enter a plea of guilty' * * *. Thus, from the record itself there is no doubt that defendant acted with full understanding at every stage of the proceedings and that he was not misled, coerced, or wrongfully induced to enter his guilty plea by any unfulfilled promise or otherwise. Paraphrasing the language of *People v. Smith*, 42 Ill. 2d 547, it would seem incredible that any fact-finder would believe defendant if he now testified in support of his allegations, and his testimony would be of little, if any, value at an evidentiary hearing. We, therefore, find that under these circumstances the trial court did not err in dismissing the defendant's petition without an evidentiary hearing." (47 Ill. 2d 114, 118-19, 264 N.E.2d 181, 183-84.)

As we have shown, the questions propounded to the defendants herein were far beyond the admonition found in the *Spicer* case. The trial judge herein obviously recognized that under the circumstances presented, there was a possibility of family pressure. He carefully inquired into that possibility before accepting defendants' pleas of guilty, and is to be commended for doing so. The allegations made by defendants in the motions to vacate are insufficient under these circumstances. It may well

be true that there are occasions that an offer of clemency to a second party may require an evidentiary hearing where the issue is raised after a plea of guilty. That, however, is not the situation in the instant case.

We also note the following statement of the Supreme Court of Illinois in *People v. Partin* (1977), 69 Ill. 2d 80, 84, 370 N.E.2d 545, 547, which we believe is also applicable herein:

> "Any intimation, however, that a defendant may knowingly enter a plea which he believes he can later avoid, and then be heard on the subsequent challenge, does not merit our consideration."

If we were to believe, which we do not, that the defendants herein did plead guilty for the purpose of exonerating their brothers from a murder charge, we would then find ourselves with the interesting situation where the defendants lie under oath for this purpose in their plea of guilty and then seek to rescind the same after their brothers were granted probation, as the affidavits in support of the motion to withdraw their pleas of guilty did not show any additional facts beyond the direct knowledge of the judge based on the record before him which would show the guilty pleas were the result of coercion.

■■ For the reasons stated herein, we find that the trial court did not err in dismissing defendants' motions to withdraw their guilty pleas without an evidentiary hearing. We further specifically find that the ends of justice would not be served by reversal of the dismissal of the motions to withdraw the pleas of guilty. The judgment of the trial court is affirmed.

Affirmed.

BOYLE, J., concurs.


Mr. PRESIDING JUSTICE SEIDENFELD, specially concurring:

I am concerned that the majority opinion imports that no evidentiary hearing pursuant to Supreme Court Rule 604(d) is ever required where the court, as it did here, carefully admonished a defendant in specific areas of coercion and is told that there has been none. I concur, however, because the motions to vacate to the extent they were supported by the affidavits did not add any additional facts which would be beyond the direct knowledge of the judge based on the record before him and which could show the guilty pleas were, in fact, the result of coercion.

Clearly, the purpose of Rule 604(d) is "to expeditiously dispose of matters beyond the record—matters which amongst others would show that a plea of guilty was not voluntarily made." (*People v. Frey*, 67 Ill. 2d 77, 85 (1977).) This strongly suggests that where there are sufficient allegations of matters which are not fully on the record, and which may even contradict answers given by a defendant under oath at the guilty

plea hearing, an evidentiary hearing is required if the matters alleged are supported by an affidavit setting forth any facts or issues not of record and of which the trial court may not have direct knowledge. See *People v. Hultz*, 51 Ill. App. 3d 663, 666 (1977). *Cf. People v. Morreale*, 412 Ill. 528, 534 (1952).

If a defendant can show in his motion that the very answers are in fact involuntary by reason of matters not shown of record he is entitled to an evidentiary hearing. Obviously, where the admonishment has been thorough and into specific issues which a defendant later raises in his motion to vacate the plea, the defendant who has the burden of proof will have extreme difficulty in persuading a court even after an evidentiary hearing that the evidence dehors the record is credible.

The majority does not specifically refer to the allegations of the motions. Insofar as they were supported by affidavits they include the identical allegations by both defendants.

"5. That after arraignment I was advised by my attorneys that the State's Attorney of McHenry County, Illinois, by and through Assistant State's Attorney, Richard Kelly, would not allow my brothers, Cesareo Alfaro and Octavio Alfaro, to enter a plea of guilty to a reduced charge of aggravated battery pursuant to a plea negotiation agreement, and in exchange of the State's Attorney recommending a sentence of probation, unless I entered a plea of guilty to the charge of murder."

"7. That prior to my withdrawing my plea of not guilty and entering a plea of guilty, I was repeatedly confronted by my brothers, Cesareo Alfaro and Octavio Alfaro, along with their wives and families, and was repeatedly and continuously beseeched by them to plead guilty so that at least they could avoid going to the penitentiary for a minimum of fourteen (14) years for murder."

The trial court in the order dismissing the motion without an evidentiary hearing stated that the motion taken in the light most favorable to the defendant "fails to state a sufficient legal basis which even, if substantiated by competent evidence, would not support the granting of their motion." I cannot agree that the offer of leniency to a third party as a matter of law may never avoid a guilty plea. As I perceive the rule, a defendant who is offered a truthful and understanding choice to trade a plea for a concession not to prosecute someone else has the opportunity to make that choice, but this may involve factual questions which could require an evidentiary hearing. See ALI Model Code of Pre-Arraignment Procedure, Commentary to §350.3, at 315-16 (1975), cited in *Bordenkircher v. Hayes*, 434 U.S. 357, 54 L. Ed. 2d 604, 611 n. 8, 98 S. Ct. 663, 660 n. 8 (1978). See also *Kent v. United States*, 272 F.2d 795, 798 (1st

Cir. 1959); *Cortez v. United States,* 337 F.2d 699, 702 (9th Cir. 1964); *Crow v. United States,* 397 F.2d 284, 286 (10th Cir. 1968); *People v. James,* 52 Mich. App. 422, 217 N.W.2d 408, 410 (1974); *People v. Duran,* 179 Colo. 129, 498 P.2d 937, 939 (1972); *Combs v. Turner,* 25 Utah 2d 397, 483 P.2d. 437, 438 (1971).

I agree, however, that the court ruled correctly because of the failure of the defendants to allege sufficient facts to avoid their plea.