THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES W. KRASSEL, JR., Defendant-Appellant.

(No. 57329;

First District (4th Division)—May 16, 1973.

James J. Doherty, Public Defender, of Chicago, (Ronald P. Katz, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis, Patricia C. Bobb, and John C. O'Rourke, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Charles W. Krassel, Jr., was charged with the crime of aggravated battery. He pleaded guilty to the charge and was sentenced to five years probation with the first nine months to be served in the House of Correction, the first three months in actual confinement and the remaining six months in a work release program. The sole issue raised on appeal is whether the trial court properly admonished defendant pursuant to Supreme Court Rule 402 to determine whether his plea of guilty was knowing and voluntary. The facts are as follows:

On September 7, 1971, defendant was indicted by the Cook County Grand Jury for the offense of aggravated battery. On October 7, 1971, defendant was arraigned and entered a plea of not guilty. On January 10, 1972, defendant after negotiations with his counsel and the prosecution, withdrew his not guilty plea and entered a plea of guilty. The trial court admonished defendant concerning his plea of guilty and conducted a hearing wherein the court heard testimony stipulated by agreement between the prosecutor, defendant, and his counsel substantiating defendant's guilt. The trial court entered judgment on the findings and after a hearing in aggravation and mitigation the court, pursuant to the negotiation, sentenced defendant.

Defendant's contention on appeal is that the trial court erred by not admonishing defendant exactly as provided for in the Supreme Court Rules, before accepting his guilty plea as knowingly and voluntarily made. Supreme Court Rule 402 in pertinent part provides:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court should not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law * * *;

(3) that the defendant has the right to plead not guilty * * *, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by

jury and the right to be confronted with the witnesses against him.

(b) Determining Whether the Plea Is Voluntary. The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreement and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea.

(c) Determining Factual Basis for Plea. The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." (Ill. Rev. Stat. 1971, ch. 110A, par. 402.)

Defendant concedes that the trial court in the instant case admonished him as to the nature of the charge against him, as to the minimum and maximum penalty prescribed by law, and as to his right to a jury trial which he subsequently waived. Defendant also concedes that the trial court stated the existence of a negotiated plea agreement and the results of that agreement, and that the trial court determined that there was a factual basis for defendant's guilty plea. Defendant contends, however, that the trial court erred by not admonishing him that if he pleaded guilty there would not be a trial of any kind, that he would not be confronted with the witnesses against him and further that the court did not inquire whether, apart from the plea agreement, there was any force or threats used to obtain the plea.

■■ Supreme Court Rule 402 does not require strict literal adherence to every word contained in it, but rather requires only substantial compliance sufficient to safeguard the rights of the accused. (*People v. Reed,* 3 Ill. App. 3d 293, 278 N.E.2d 524.) The Illinois Supreme Court in *People v. Mendoza,* 48 Ill.2d 371, 270 N.E.2d 30, held:

"The fact that defendant was not specifically admonished by the court, on the record, as to each and every consequence of his plea does not sufficiently demonstrate that he was, in fact, unaware of these consequences. At the time defendant entered his plea he was represented by privately retained counsel and it is not alleged that his counsel failed to adequately advise him of the consequences of a guilty plea."

The record in the instant case clearly establishes that defendant, who was represented by privately retained counsel, was carefully informed of the nature of the charge against him and of the penalties prescribed for the charge. He was informed that by pleading guilty he was waiving his right to trial by jury and his understanding was manifested by his

answers to the questioning by the trial court. The trial court discussed with defendant in detail the negotiations involved in his plea and was satisfied that the plea was knowingly and understandingly entered into. The trial court found that there was a factual basis for the plea.

Our examination of the record in the instant case in no way indicates that defendant's plea of guilty in the case at bar was not understandingly and voluntarily made.

■■ We find that the trial court in the instant case substantially complied with the requirements of Supreme Court Rule 402 before accepting defendant's guilty plea as knowingly and voluntarily made. The judgment of the Circuit Court of Cook County will therefore be affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.