THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM TRIPPLETT, JR., *et al.*, Defendants-Appellants.

(No. 72-121;

Second District—July 9, 1973.

Paul Bradley, of Defender Project, of Elgin, for appellants.

Philip G. Reinhard, State's Attorney, of Rockford, (James W. Jerz, of Model District State's Attorneys Office, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

After a bench trial the defendants, William Tripplett, Jr. and Larry Lee, were found guilty of armed robbery; each was sentenced to serve from 3 to 10 years in the penitentiary.

On appeal, Tripplett alleges that the trial court erred in refusing to grant a motion to suppress his statement given to the police; Lee alleges that error occurred during his probation hearing when an improper question was asked by the state's attorney; both defendants argue that their sentences are excessive.

Tripplett was arrested at 5 P.M., March 13, 1971. After being told of his rights and signing a written waiver, he stated that he did not wish to talk to the police. He called his mother to inform her that he was being held at the city jail; an officer present also spoke with her stating that defendant's bond would be $500 cash.

At 10:30 P.M., defendant's mother arrived and informed the city jail desk officer that she had brought the bond money for her son. It was not the practice of the police to accept bond for State violations at the city jail; she was directed to go to the county jail and wait 15-20 minutes.

At 11:30 P.M. two policemen removed defendant from his cell, and again advised him of his rights; he signed another rights waiver. At 11:50, after being informed that two alleged accomplices had given statements implicating him, the defendant commenced his statement which was completed in approximately one-half hour. At 1:00 A.M. defendant was conveyed to the county jail; he was released on bond shortly after 2:00 A.M.

■■ At the hearing on the motion to suppress, defendant testified that the police officers told him that his mother was present to post bond but that "I wasn't going nowhere until I told them something." One of the officers testified that he was unaware that defendant's mother had arrived to post bond. The other officer testified that he had been informed that defendant's mother was waiting to post bond but that he was unsure whether this message had been relayed during or after the time defendant made his statement. This conflict presented an issue of credibility to be resolved by the trial judge. He did so in favor of the State by holding the statement to be voluntary. We, therefore, decide the issue presented based upon the facts as related by the police officers.

■■ Defendant argues that his statement should have been suppressed not because it was involuntarily given, but because it was obtained at a time when his constitutional right to bail was violated. Generally, a statement may be attacked on the grounds that the defendant has been unlawfully detained and this factor, together with other facts, forms a basis for the trial court in determining whether such statement is voluntary. (See, *People v. Harper*, 36 Ill.2d 398 (1967); *People v.*

*Thomas,* 132 Ill.App.2d 198, 202-203 (1971).) However, this is not defendant's position in the instant case. Defendant concedes the voluntariness of the statement but asks that the court declare it inadmissible on the grounds that it was obtained during a time when he should have been released on bail. Defendant seeks to have us adopt an exclusionary rule which would render *per se* inadmissible any statement gained at a time when the right to bail has been violated. We have not been cited, nor has our research revealed any court which has passed upon this proposition. Consideration of whether to adopt such rule would first necessitate our determining that defendant's constitutional right to bail was violated. That determination must consider not only time delay but the reasonableness of that delay as it relates to the total circumstances of the individual case. Under the facts here, we do not find the delay unreasonable. We hold that defendant's constitutional right to bail was not violated and therefore will not consider adoption of an exclusionary rule. The trial judge properly denied suppression.

██ Defendant Lee alleges that error occurred during the probation hearing when defendant was asked, over objection, whether he had been involved in any armed robbery other than the one for which he now stood convicted. Defendant declined to respond, claiming his Fifth Amendment privilege against self-incrimination. We need not pass upon the propriety of the question for, unanswered, the question itself was not prejudicial. However, defendant's argument suggests that the trial court became irritated by his refusal to answer; that, thus, the mere utterance of the question had a prejudicial effect. The record is devoid of any evidence to substantiate such claim and we, therefore, find no prejudice resulting from the question.

██ Finally, both defendants allege that their 3 to 10 year sentences were excessive. Many witnesses testified to the rehabilitation potential of both defendants. The judge, however, stressed the fact that armed robbery was a serious offense and sentenced defendants to a term, the minimum of which was only one year greater than the minimum allowed by statute. (Ill. Rev. Stat. 1969, ch. 38, sec. 18—2(b).)[1] We have reviewed the record and conclude that the sentences were not excessive.

Finding no error, we affirm the judgment of the lower court.

Judgment affirmed.

GUILD, P. J., and SWANSON, J., concur.

---

[1] We take note of the fact that in 1971, the statutory minimum was changed to 5 years, Ill. Rev. Stat. 1971, ch. 38, sec. 18—2(b)) and that the current minimum is 4 years. See, Ill. Rev. Stat. 1972 Supp., ch. 38, sec. 18—2(b) and 1005—8—1.