THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEFFERY ELLIS, Defendant-Appellant.

(No. 72-216;

·Second District—January 4, 1974.

Ralph Ruebner, Deputy Defender, of Elgin (Adam Lutynski, Assistant Appellate Defender, of counsel), for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Edward Morris, both of Model Distict State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is a companion case of *People v. Tripplett* (1973), 12 Ill.App.3d 834, 298 N.E.2d 756. In that case defendants Tripplett and Lee in a bench trial were sentenced to 3-10 years. We affirmed.

Tripplett, Lee, Ellis (the defendant herein), and one Charles Boles were jointly indicted for the armed robbery of the O'Donnell Grocery store in Rockford, Illinois. The defendants went to the grocery store with nylon stockings over their faces, and wearing blue tams which they had purchased for the robbery. They were armed, entered the store, and obtained several hundred dollars which they subsequently divided, the defendant Ellis receiving about $135. All four defendants signed written confessions. A motion was made to suppress the confessions and after a hearing before the court the motion to suppress was denied. The four cases were thereupon severed and on December 28, 1971, the defendant Ellis entered into a negotiated plea of guilty which resulted in a sentence of 5-15 years in the penitentiary.

Defendant appeals and raises two contentions, the first being that upon the acceptance of the negotiated plea the trial judge did not determine the voluntariness of the plea, and secondly, that the trial court erred when it allowed the State to terminate prosecution of other offenses without clearly identifying those offenses. We will discuss the second contention first.

At the time of the hearing on the negotiated plea, the State's Attorney made the following statement to the court:

"The agreement takes into account the fact that sentence as to the O'Donnell grocery store, armed robbery, that he is charged with here, the defendant was free on bond and committed another armed robbery of the Park-It Market on December 15, 1971.

And we have agreed if he pleads guilty to this Indictment here in court today, we will not prosecute on the Park-It Market case.

Also the defendant has admitted to officers, following his recent arrest on the Park-It Market armed robbery, participation in more than four burglaries in the Rockford area. And we have agreed that the defendant will not be prosecuted on any of these cases, provided he pleads guilty in this cause and receives this sentence."

With reference to the Park-It Market robbery, it is to be specifically noted that the State's Attorney advised the court that the defendant had orally confessed to that robbery and the trial judge asked the defendant the following question: "Is that correct, what the State's Attorney says?"

The defendant replied "Yes." It is difficult to see how the defendant did not know "which Park-It Market armed robbery or the date thereof" when he advised the court that the statement of the State's Attorney as to the armed robbery committed by him while he was out on bail, was correct. The State's Attorney further advised the court in the presence of defendant and his counsel, that defendant had further admitted participation in four burglaries in the Rockford area.

■■ As a part of the negotiated plea, the State agreed that it would not prosecute the defendant on the second armed robbery case or the four burglaries. Defendant now contends that the State should not have been allowed to "terminate prosecution'" on these offenses without clearly identifying the same, and has cited *Santobello v. New York* (1971), 404 U.S. 257, 30 L.Ed.2d 427, 92 S.Ct. 495, and *People v. Hampton* (4th Dist. 1972), 5 Ill.App.3d 220, 282 N.E.2d 469, in support of this contention. Neither of these cases are in point. In *Santobello* the prosecuting attorney agreed that he would make no recommendation as to the sentence that might be imposed upon a plea of guilty. Subsequently, a different prosecutor was present when the plea was accepted and he recommended the maximum term of imprisonment. The Supreme Court reversed on the misrepresentation of the prosecutor stating that the change in recommendation as to the sentence was "a lapse in orderly prosecutorial procedures." *Hampton* is likewise not controlling. In *Hampton* the State at the hearing in aggravation and mitigation, introduced evidence of other offenses committed by the accused.

As a matter of fact, defense counsel fails to mention that in *Hampton* the appellate court referred to its prior decision in *People v. Schleyhahn* (1972), 4 Ill.App.3d 591, stating: "The procedure here involved was not employed pursuant to a negotiated plea as exemplified in *People v. Schleyhahn.*" The *Schleyhahn* case is far more closely akin to the instant case in which the offenses were mentioned by the court at the time of the acceptance of the negotiated plea, rather than introduced in aggravation and mitigation as in *Schleyhahn.* In *Schleyhahn* the court observed at pages 594-595 that by the introduction of other offenses of the defendant and by the State's agreement to forego the filing of formal charges and prosecution, "this clincher of double-riveted forebearance, * * * 'would protect the defendant from double jeopardy problems.' "

We turn then to the more troublesome contention of the defendant that the court did not determine the voluntariness of the negotiated plea.

There is apparently some conflict between the different jurisdictions as to the requirements of determination of the voluntariness of a guilty plea under Illinois Supreme Court Rule 402(b) (Ill. Rev. Stat. 1971, ch.

110A, Rule 402). Several decisions of the Third District Appellate Court have discussed this issue. In *People v. Garcia* (1972), 8 Ill.App.3d 542, 289 N.E.2d 637, the defendant plead guilty pursuant to plea negotiations. There was no inquiry as to the voluntariness of the plea concerning force, threats, or other promises. The appellate court there, while observing that the decisions interpreting Rule 402 were not completely harmonious, and that the rule had not achieved its intended purpose, went on to affirm the conviction but to remand for determination as to whether the plea was in fact voluntary. Following that decision the same court in *People v. Scott* (1973), 9 Ill.App.3d 626, 292 N.E.2d 583, discussed a similar negotiated plea. Defendant contended the failure of the court to inquire as to the voluntariness of the plea, required reversal. That court, however, did not concur and stated at page 627:

> "We do not believe there is any such absolute requirement and that in each case the court should determine whether there has been substantial compliance as was noted in the cases of *People v. Burt*, 5 Ill.App.3d 333, 282 N.E.2d 221; *People v. Walsh*, 3 Ill. App.3d 1042, 279 N.E.2d 739; *People v. Hartman*, 6 Ill.App.3d 543, 285 N.E.2d 600, and *People v. Warship*, 6 Ill.App.3d 461, 285 N.E.2d 224. It is also pointed out that there is no prejudice shown to defendant in this case and that there is no assertion by defendant on appeal that there was in fact any force, threats or other promises made to obtain his guilty plea. As stated in *People v. Walsh*, 3 Ill.App.3d 1042, 279 N.E.2d 739, while we do not approve any relaxation of Supreme Court Rule 402, where the error under the circumstances of a particular case is not of sufficient magnitude, there should be no reversal."

The court then again affirmed the conviction and remanded for determination the voluntariness of the plea.

The same appellate court in *People v. Hintze* (1973), 14 Ill.App.3d 1077, 303 N.E.2d 22, while citing the *Garcia* case, *supra*, but with no mention of the *Scott* case, *supra*, found that its procedure in affirming the conviction and remandment for determination of the voluntariness of the plea was incorrect, and went on to reverse the trial court on the basis that there was no determination that the negotiated plea therein was voluntary.

Likewise, in *People v. Hendrickson* (5th District 1973), 11 Ill.App.3d 219, 296 N.E.2d 751, the appellate court reviewed a negotiated plea and affirmed the judgment of conviction. However, on a supplemental opinion on rehearing, the appellate court found that the trial court did not question the defendant personally to determine whether force, threats,

or promises apart from the plea agreement were made and then reversed the trial court with directions that the defendant be permitted to plead anew.

We do not agree with the above decisions of the Third and Fifth Appellate court districts.

Starting with *People v. Williams* (1970), 44 Ill.2d 334, 255 N.E.2d 385, the Illinois Supreme Court considered the contention that the trial court did not sufficiently admonish the defendant on his plea where the defendant specifically contended that his plea was coerced and resulted from intimidation by his counsel's reference to a possible harsher sentence on a plea of not guilty. The Illinois Supreme court there considered the record and found that where the defendant had confessed to the crime and where there was a witness that the defendant could scarcely say that he was coerced into a plea of guilty.

■■ In *People v. Shepard* (First District 1973), 10 Ill.App.3d 739, 295 N.E.2d 310, there was a negotiated plea in a robbery case. The court heard testimony stipulated by agreement between the prosecutor, defendant and his counsel which substantiated the defendant's guilt. The court went on to state at page 741:

> "Supreme Court Rule 402 does not require a strict literal adherence to every word contained in it, but rather requires only substantial compliance sufficient to safeguard the rights of the accused * * *.
>
> * * * Our examination of the record in the instant case in no way indicates, nor does defendant, who had previously been convicted of felonies and thus was not a stranger to the criminal justice system, even contend that his guilty plea was not understandingly and voluntarily made."

Likewise, in *People v. Krassel* (First District 1973), 12 Ill.App.3d 64, 298 N.E.2d 384, again the appellate court considered a negotiated plea and in the appeal the defendant raised the issue as to determination of the voluntariness of the plea under Supreme Court Rule 402(b). The appellate court there stated at page 66:

> "Supreme Court Rule 402 does not require strict literal adherence to every word contained in it, but rather requires only substantial compliance sufficient to safeguard the rights of the accused."

The court found that the trial court had discussed with the defendant the negotiation involved in the plea and was satisfied that the plea was knowingly and understandingly entered into. The court found that upon their examination of the record, there was no indication that the defendant's negotiated plea of guilty was not understandingly and voluntarily

made, and concluded that there was substantial compliance with Supreme Court Rule 402.

■■ We have likewise held in *People v. Compton* (1973), 16 Ill.App.3d 196, "the precise language used is not determinative if the record affirmatively discloses that the defendant entered into his plea understandingly and voluntarily."

Likewise, in *People v. Williams* (1973), 16 Ill.App.3d 199, this court considered various contentions of the defendant as to the admonitions under Supreme Court Rule 402 and we found from our review of the record therein, that the defendant was adequately informed of and understood the consequences of his plea of guilty, and further, that the defendant therein voluntarily and understandingly entered into his guilty plea.

Examination of the record herein discloses that the defendant was, in fact, admonished in detail as to the possible consequences of his plea of guilty under the negotiations entered into by his counsel and the State's Attorney. As indicated above, the defendant while released on bond had committed another armed robbery and had admitted to four burglaries as well. The State, as a result of the negotiated plea herein, agreed to forego prosecution on those offenses. The trial judge admonished the defendant at that time that the defendant was entitled to a trial by jury, the right to have witnesses appear for him, the right to cross-examine witnesses, the right to put on his defense, whatever defense he might have, and the right to have a jury pass on his guilt or innocence. He was further admonished that on a plea of guilty he waived his right to a trial by jury, that the matter was left up to the court alone and that the penalty for armed robbery then carried with it a possible sentence of two years to a maximum fixed by the court. The court further stated to the defendant "You are pleading guilty because you are guilty, is that right?" The defendant replied "Yes."

■■ The defendant herein does not contend in any way that his plea was coerced, that any threats, coercion or promises were made other than the State's agreement to forego prosecution of the other crimes committed by him. Under the facts in this case we find that the defendant was in fact sufficiently admonished of the consequences of his plea, that the plea was, in fact, voluntarily and understandingly made. We further adhere to our decisions in *Compton, supra,* and *Williams, supra.*

Judgment affirmed.

T. MORAN and SEIDENFELD, JJ., concur.