THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES PRITCHETT, Defendant-Appellant.

(No. 72-382; ▬▬▬▬▬▬

Second District—November 27, 1974.

Ralph Ruebner and Richard Wilson, both of State Appellate Defender's Office, of Elgin, for appellant.

Phillip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Thomas Sullivan, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

On October 13, 1971, defendant, James Pritchett, was indicted for the offense of burglary. At a hearing held on November 22, 1971, defendant

withdrew his previous plea of not guilty and entered a plea of guilty. The trial court accepted defendant's guilty plea to burglary and sentenced him to a term of 1-5 years. The issue before this court is whether the trial court substantially complied with Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402) before accepting the plea of guilty.

At the time defendant appeared in court to change his plea the record indicates the following colloquy:

> "MR. BEU [defense counsel]: * * * We are here at this time to withdraw a previously entered plea of not guilty and tender a plea of guilty to the court on the Indictment charging burglary.
>
> THE COURT: Burglary?
>
> MR. BEU: Yes.
>
> THE COURT: Is that right, you want to enter a plea of guilty?
>
> THE DEFENDANT: Yes."

The court then admonished the defendant of his right to trial by jury, his right to confront the witnesses against him, his right to have a bench trial if defendant waived his right to a jury trial, and the minimum and maximum possible sentences. After these admonishments the prosecutor presented the factual basis of the plea to the court. The prosecutor stated that if there were a trial the evidence would show that the Rockford home of Kathy Johnson was broken into while she was away; that numerous items of personal property had been stolen; that defendant was seen entering the house and carrying away these items of personal property by other witnesses; and that when he was arrested defendant admitted to Detective George Krebs that he had helped carry away items from the Johnson home. The prosecutor ended his statement by stating:

> "Our evidence would show at the time he entered the home he intended to commit a theft therein.
>
> I would like the record to reflect we have made no promises to him through our office. We can state there have been no promises to him concerning the disposition of this case, what that disposition will be, or concerning the disposition of any other case."

Thereupon the court accepted defendant's plea of guilty. Other than defendant's "yes" at the beginning of the admonishments, defendant said nothing. Defendant first contends that the trial court did not substantially comply with Supreme Court Rule 402 in that the trial court did not adequately inform him of and determine that he understood the nature of the charge pursuant to Rule 402(a)(1).

■■ This contention, which has been the subject of diverse opinions in the appellate court of this state, has been laid to rest by the supreme court in *People v. Krantz* (1974), 58 Ill.2d 187, 192, 317 N.E.2d 559. The court, in considering Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch.

110A, par. 402) stated, "We note first the rule requires that there need be only substantial, not literal, compliance with its provisions. (*People v. Mendoza,* 48 Ill.2d 371, 373-374.)" In *Krantz,* as in the instant case, the assistant State's Attorney recited to the court, in the presence of the defendant, what the State intended to prove. The supreme court thereupon held, as we do here, that a review of the record discloses that the trial court satisfied the requirements of Rule 402 as it applied to advising the defendant of the nature of the charge against him and determining that he understands it. In *Krantz,* as in the case before us, the defendant did not allege any prejudice because of the alleged omission, or that his plea would have been different because of the State's Attorney stating the nature of the charge rather than the trial judge.

■■ In *McCarthy v. United States* (1969), 394 U.S. 459, 22 L.Ed.2d 418, 89 S.Ct. 1166, the Supreme Court found that the trial court must strictly adhere to the requirements of Rule 11 of the Federal Rules of Criminal Procedure[1] by personally informing the defendant of the nature of the charge. However, while the underlying reasoning as to the importance of the trial court's personal admonishments is equally applicable to Rule 402 (see *People v. Mims* (1969), 42 Ill.2d 441, 248 N.E.2d 92) we are not constrained to following the United States Supreme Court's decision of strict compliance because the court based its decision upon its own construction of the rule and made such decision pursuant to its supervisory power over the lower federal courts rather than basing it upon constitutional grounds. See *Krantz, supra.*

Defendant further contends that the trial court did not substantially comply with Rule 402 in that the trial court failed to admonish the defendant of his right to persist in his plea of not guilty pursuant to Rule 402(a)(3) and failed to inquire of the defendant whether any force or threats were used to obtain the plea pursuant to Rule 402(b). We disagree. While the trial court failed to comply with the rule in these respects, the court did admonish the defendant of the possible minimum and maximum sentences, of his right to a jury trial or a bench trial, and of his right to confront the witnesses against him, in addition to the explanation of the nature of the charge. In *People v. Williams* (1973), 16 Ill.App.3d 199, 202, 305 N.E.2d 544, 547, we stated:

"* * * 'substantial compliance' with the rule is such sufficient compliance as to allow a reviewing court to find from the record

---

[1] Rule 11 reads in part: "The court * * * shall not accept such plea [of guilty] * * * without first addressing the defendant *personally* and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." (Emphasis supplied.)

that a defendant has voluntarily and understandingly entered his plea of guilty."

■■ There is nothing in the record before us to indicate that defendant's plea was other than free and voluntary nor does defendant contend in this appeal that his plea of guilty was other than free and voluntary. As the supreme court stated in *People v. Mendoza* (1971), 48 Ill.2d 371, 374, 270 N.E.2d 30:

"In view of the absence of evidence in the record or by affidavit supporting defendant's claim that he did not understand the consequences of his plea, and the failure to explain such absence, we find the petition insufficient to require a hearing and its dismissal justified."

The record in this case reflects the defendant has voluntarily and understandingly entered his plea of guilty. *See People v. Krassel* (1973), 12 Ill.App.3d 64, 298 N.E.2d 384; *People v. Shepard* (1973), 10 Ill.App.3d 739, 295 N.E.2d 310; *People v. Ellis* (1973), 16 Ill.App.3d 282, 306 N.E.2d 53; *People v. Compton* (1973), 16 Ill.App.3d 196, 305 N.E.2d 582; *People v. Fricks* (1974), 17 Ill.App.3d 933, 308 N.E.2d 820 (abstract opinion); *People v. Krantz* (1974), 58 Ill.2d 187, 317 N.E.2d 559. There has been substantial compliance with Rule 402. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.