THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL BONEY, Defendant-Appellant.

(No. 59274;

First District (4th Division)—December 20, 1974.

Paul Bradley and Howard B. Augustus, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Thomas D. Rafter, Assistant State's Attorneys and William E. Bogner, Senior Law Student, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Defendant, Michael Boney, was charged in each of three indictments with armed robbery, attempt murder, and aggravated battery. Pursuant to his negotiated plea of guilty, defendant was sentenced to serve 9 to 20 years on the armed robbery and attempt murder charges, and 1 to 10 years on the aggravated battery charges, the sentences to run con-

currently. On appeal defendant's sole contention is that he should be permitted to plead anew. He asserts that in accepting his guilty plea, the court violated Supreme Court Rule 402(b) since it failed to inquire "whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea."

Briefly, the facts stipulated to on the charges are as follows. On April 18, 1972, the defendant armed himself with a sawed-off .22-caliber rifle. At 7:30 P.M. he stole money from one victim and shot him in the neck. At 10:15 P.M. he entered the apartment of another victim, stole various articles, and shot him in the shoulder. At 10:35 P.M., while riding as a passenger, he robbed and shot a cab driver in the stomach.

A review of the record discloses that the public defender was appointed to represent defendant at trial. After a discussion with his counsel and the State's Attorney, defendant plead guilty. Before accepting his guilty plea, the court made several pointed inquiries. The court asked defendant whether he was satisfied with his attorney. He responded affirmatively. The court informed him that he had the right to remain silent, to receive a trial by jury or the court, to confront and cross-examine witnesses, and to expect the State to prove each charge beyond a reasonable doubt. When asked whether he was aware that by pleading guilty he would waive those rights, defendant answered in the affirmative. Thereafter, the court read each charge of the indictments to defendant. He stated that he understood them, that he had no questions, and that he wished to plead guilty to all charges because he had in fact committed the crimes. The court explained the consequences of each plea by stating the minimum and maximum sentences that he could receive. The court further explained that it was not bound by the agreement to plead guilty, and that a sentence could be imposed in excess of that agreed to by the State. Defendant said that he understood. At no time did the court specifically ask the defendant whether his plea was coerced in any manner.

Supreme Court Rule 402 provides in relevant part:

> "In hearings on pleas of guilty, there must be substantial compliance with the following:
>
> \* \* \*
>
> (b) \* \* \* The court shall not accept a plea of guilty without first determining that the plea is voluntary. \* \* \* The court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea."

Defendant does not claim that his guilty plea was coerced by any force or threats, or that promises were made to him to obtain his plea. Rather, he contends that regardless of the circumstances, Supreme Court Rule 402(b) imposes an affirmative duty upon the court to specifically inquire into these matters, and that failure to make such inquiry is error entitling defendant to the opportunity to plead anew. In our opinion, Rule 402(b) does not contemplate such ritualistic questioning nor mechanical application.

■■ We note from the outset that by its very terms Rule 402 requires only "substantial compliance" with its precepts; and when viewed as a whole, the clear intent of the Rule is to enforce those safeguards as set forth in *Boykin v. Alabama*, 395 U.S. 238. In *Boykin* the United States Supreme Court held that the record must affirmatively establish that the guilty plea was made intelligently and voluntarily. We have held before, that Rule 402 does not require strict adherence to every rule, but rather requires only substantial compliance sufficient to safeguard the rights of the accused. (*People v. Krassel*, 12 Ill.App.3d 64, 298 N.E. 2d 384.) We have further held that it is not invariably necessary for the court to inquire whether the plea was induced by promises, force or threats. (*People v. Campbell*, 13 Ill.App.3d 237, 300 N.E.2d 568.) The Rule only requires that the judge determine whether the plea is voluntary and intelligent. Thus, while its objective is fixed, its application is flexible. See *People v. Ellis*, 16 Ill.App.3d 282, 306 N.E.2d 53.

■■ It is readily apparent from a reading of the whole record that the plea was voluntarily made without any threats or promises to obtain it. By thoroughly questioning the defendant in open court, clearly the trial judge acquired an ample factual basis upon which to make such a determination. He fully advised the defendant of his rights, and the defendant comprehended the consequences of his plea. We have examined the cases cited by the defendant and are not persuaded that the cause should be reversed and remanded so the defendant may plead anew.

For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

DIERINGER and JOHNSON, JJ., concur.