The People of the State of Illinois, Plaintiff-Appellee, *v.* Thomas Edward Walker, Defendant-Appellant.

(No. 12505; ▮▮▮▮▮▮▮▮

Fourth District—March 27, 1975.

Richard J. Wilson and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, for appellant.

Bobby F. Sanders, State's Attorney, of Charleston (James R. McCracken, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Thomas Edward Walker, appeals from a judgment entered against him pursuant to a guilty plea for the offense of intimidation and from a sentence imposed of 3 to 10 years' imprisonment. The following issues are raised before this court: (1) Whether the trial court erred in accepting defendant's waiver of indictment and guilty plea without fully informing him of the minimum sentence prescribed by law, and (2) Whether the trial court erred in accepting defendant's guilty plea with-

out stating to defendant that he would receive no trial of any kind if his guilty plea were accepted.

On September 20, 1973, an information was filed charging defendant with intimidation. On September 21, 1973, defendant appeared in court with his attorney. The State related to the court that defendant had agreed to plead guilty to the crime of intimidation and in return the State would recommend a sentence of 3 to 10 years' imprisonment. The trial court then read to defendant the information and the applicable statutory language defining the offense charged. Defendant stated that he had no questions about the nature of the charge. The trial court informed defendant that he could be sentenced anywhere from 1 to 10 years in the penitentiary. Defendant replied that he understood. The court then explained to defendant the meaning of indictment. Defendant stated that he wished to waive indictment and that he had signed the written waiver of indictment. The trial court admonished defendant that he had a right to a jury trial. The defendant stated that he had no questions regarding the nature of a jury trial and wished to waive such right. The defendant further stated that no promises or threats had been made to him by anyone. The State then presented a factual basis for the plea. The defendant and his attorney stated that they had nothing to add to this presentation. The trial court then found that defendant had knowingly and understandingly waived his rights and entered judgment on the plea.

■■ Defendant first contends that the trial court erred in accepting his waiver of indictment and plea of guilty without fully explaining to him the entire minimum sentence prescribed by law, *i.e.*, fine, probation, conditional discharge, and periodic imprisonment, in violation of Supreme Court Rule 401(b)(2) and 402(a)(2) (Ill. Rev. Stat. 1973, ch. 110A, pars. 401, 402). We do not agree and find our decisions in *People v. Butchek*, 22 Ill.App.3d 391, 317 N.E.2d 148, and *People v. Wills*, 23 Ill. App.3d 25, 319 N.E.2d 269, to be controlling. (Also see *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.) Under this line of cases it is clear that the trial court in the instant case sufficiently complied with these Rules by informing defendant that he could be sentenced from 1 to 10 years in the penitentiary.

■ Supreme Court Rule 402(a)(4) (Ill. Rev. Stat. 1973, ch. 110A, par. 402) states that the trial court shall not accept a guilty plea without informing a defendant of and determining that he understands:

> "(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him."

It is contended that the court erred in not informing defendant that if

he pleaded guilty, there would not be a trial of any kind. We do not agree. In *People v. Krassel*, 12 Ill.App.3d 64, 298 N.E.2d 384, the court affirmed a guilty plea where the trial court did not admonish defendant that if he pleaded guilty there would not be a trial of any kind and he would not be confronted with the witnesses against him, and, additionally, the court did not inquire whether there was any force or threats used to obtain the plea. The court stated that there was substantial compliance with Rule 402 because the entire record indicated that the plea was understandingly and voluntarily made. In the instant case defendant was informed that he was entitled to a jury trial. Defendant stated that he understood what a jury trial was and that he wished to waive such right. Defendant does not contend that he did not, in fact, understand that if he waived a jury trial, he would not receive a trial of any kind. Most importantly, defendant does not contend that his plea was not knowingly and voluntarily entered, and our reading of the record indicates that the trial judge substantially complied with Rule 402 in all respects.

Accordingly, the judgment of the circuit court of Coles County is hereby affirmed.

Judgment affirmed.

TRAPP and GREEN, JJ., concur.