NOTICE
Decision filed 04/17/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220403-U

NO. 5-22-0403

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | De Witt County. |
| | ) | |
| v. | ) | No. 22-CF-13 |
| | ) | |
| BRENDAN C. BRAGG, | ) | Honorable |
| | ) | Karle E. Koritz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the defendant, pursuant to a fully negotiated agreement with the State, pleaded guilty knowingly and voluntarily, and the circuit court did not abuse its discretion when it denied his motion to withdraw guilty plea, appointed appellate counsel is granted leave to withdraw, and the judgment of conviction is affirmed.

¶ 2    The defendant, Brendan C. Bragg, pleaded guilty to one count of (misdemeanor) domestic battery and was sentenced to probation for a period of six months, pursuant to a fully negotiated plea agreement with the State. Subsequently, he filed a motion to withdraw his guilty plea, which the circuit court denied. Now, he appeals from the judgment of conviction. His appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks arguable merit. On that basis, OSAD has filed with this court a motion to withdraw as counsel and a brief in support of that motion. See *Anders v. California*, 386 U.S. 738 (1967). This court

1

granted the defendant an opportunity to file a written response to OSAD's motion, or to file a brief, memorandum, etc., explaining why this appeal has merit, but he has not taken advantage of that opportunity. Having examined OSAD's *Anders* motion and brief, along with the entire record on appeal, this court agrees with OSAD that this appeal lacks merit. Accordingly, OSAD is granted leave to withdraw as counsel on appeal, and the judgment of conviction, entered by the circuit court of De Witt County, is affirmed.

¶ 3                                    BACKGROUND

¶ 4     In March 2022, the State filed an information charging the defendant with two counts of (misdemeanor) domestic battery (counts I and II) and one count of aggravated domestic battery (count III). In each count, M.B. was the complainant. The circuit court appointed counsel for the defendant.

¶ 5                                    Plea of Guilty

¶ 6     Later that month—and, specifically, on March 22, 2022—the defendant, defense counsel, and a prosecutor appeared before the circuit court. The defendant indicated to the court that he had reached an agreement with the State. The prosecutor then informed the court of the parties' agreement, which was that the defendant would plead guilty to domestic battery, a Class A misdemeanor, as charged in count II of the information; he would be sentenced to probation for a period of six months, with conditions that included staying away from the complainant, paying various fines and fees, and serving 14 days in jail, with credit for 14 days previously served; and the other two counts would be dismissed. The defendant confirmed that he had agreed to those terms.

¶ 7     Then, the court admonished the defendant that he had a right to plead not guilty and to demand a trial; that at a trial, the State would have the burden of proving him guilty beyond a

reasonable doubt; that he would have the right to confront and cross-examine the witnesses against him; that he would have the right to present evidence and to call witnesses on his own behalf; and that by pleading guilty, he would be waiving those rights and "a trial of any kind." The defendant indicated his understanding of all those admonishments. The court further admonished the defendant that he would be pleading guilty to "domestic battery, bodily harm, as alleged in Count II." The court stated that "that's a Class A Misdemeanor" punishable by up to 364 days in jail, a fine up to $2500, or 24 months of probation or conditional discharge. The defendant indicated that he understood the sentencing range.

¶ 8     The defendant also indicated that no one had forced or threatened him to plead guilty, and that no one had promised him anything, apart from the plea agreement's terms, to persuade him to plead guilty. "I feel like after all these days that I've spent in jail and after everything with this, I just want to do what I have to do," the defendant said. "I just want to just do what I gotta do and just keep it moving and just, and just have peace."

¶ 9     A factual basis for the plea was presented by the prosecutor. The prosecutor stated that M.B. would testify that she and the defendant had had a "dating relationship," but they had ended this relationship and were "still cohabiting" on March 9, 2022, when they had a "verbal altercation" that led to the defendant's "pushing [M.B.] into a wall, causing her to strike her nose which caused her nose to bleed." The prosecutor also stated that the State would call "responding officers" who would testify that they observed M.B.'s face to be bloodied, and they saw blood on the wall. Defense counsel agreed that the State could produce witnesses who would testify substantially as indicated. The prosecutor recited the defendant's criminal history, which consisted, in its entirety, of a 2012 conviction in New York State for misdemeanor assault.

3

¶ 10    The court entered judgment on the defendant's plea of guilty to count II and dismissed the two other counts. In accordance with the parties' agreement, the court imposed a sentence of probation for a period of six months, with various agreed conditions. Finally, the court admonished the defendant as to his appeal rights, including the need for a written motion to withdraw guilty plea, to be filed within 30 days, and the defendant indicated his understanding.

¶ 11                                    Motion to Withdraw Guilty Plea

¶ 12    On April 5, 2022, the defendant filed a short, handwritten, *pro se* motion to withdraw guilty plea. In it, he claimed merely that "new evidence has surfaced at the time when none was available to me." No specifics were provided. Apparently, the defendant was not dissatisfied with his plea attorney, for he stated that he wanted him "to aid in the new evidence to be looked at and used at trial."

¶ 13    The circuit court appointed plea counsel as the defendant's postplea attorney.

¶ 14    On May 27, 2022, counsel filed, on behalf of the defendant, a motion to withdraw guilty plea. (It was not styled an "amended" motion to withdraw guilty plea.) In that motion, the defendant claimed that he had pleaded guilty "because he wanted to be released from the county jail and not because he was actually guilty of the offense of domestic battery." The motion also alleged that the defendant maintained his innocence in this case, and that this actual-innocence claim "provided doubt" about his guilt. At the same time, plea counsel filed a certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 15    On June 27, 2022, the circuit court held a hearing on the motion to withdraw guilty plea. The defendant, defense counsel, and a prosecutor were present. No one testified. The court accepted defense counsel's proffer that the defendant has maintained his innocence and that he accepted the plea offer solely because he wanted to get out of jail. The court also found that the

4

record showed that the defendant was in custody in the jail at the time of his guilty plea. Defense counsel argued briefly in favor of the motion to withdraw guilty plea, saying, *inter alia*, that "[the defendant's] position is there is doubt as to his guilt and it would better serve the ends of justice by submitting the case to trial." The prosecutor argued that the parties had "a meeting of the minds," and that the defendant "did get the benefit of the bargain."

¶ 16     The court found that "there is no question as to the voluntary nature of the plea" and "no misapprehension of law or facts alleged." "Public policy favors finality in the absence of some minimal showing of injustice, and here there is not any of that, so the court denies the motion to withdraw guilty plea."

¶ 17     The defendant filed a notice of appeal. The circuit court appointed OSAD to represent the defendant on appeal.

¶ 18                                        ANALYSIS

¶ 19     This appeal is from a judgment of conviction that was entered after the defendant, pursuant to a fully negotiated agreement with the State, pleaded guilty to (misdemeanor) domestic battery and was sentenced to probation for six months. As previously mentioned, his appointed attorney on appeal, OSAD, has filed an *Anders* motion to withdraw as counsel, along with a supporting brief, and the defendant has not filed a response. OSAD has presented two potential issues in its brief, to wit: (1) whether the defendant's guilty plea was invalid where the circuit court, prior to accepting the plea, failed to specifically ask the defendant whether he understood the nature of the charge, as required by Illinois Supreme Court Rule 402 (eff. July 1, 2012); and (2) whether the circuit court abused its discretion when it denied the defendant's motion to withdraw guilty plea, where he maintained his innocence and claimed that his decision to plead guilty was not based on

guilt but rather a desire to be released from custody. This court agrees with OSAD that the two potential issues have no merit.

¶ 20    In regard to OSAD's first potential issue—whether the plea was invalid due to the court's failure to specifically ask the defendant whether he understood the charge's nature—this is a question that involves Illinois Supreme Court Rule 402(a) (eff. July 1, 2012) and whether the court substantially complied with that rule. The question of whether the court substantially complied with Rule 402 is a legal question that this court reviews *de novo*. *People v. Hall*, 198 Ill. 2d 173, 177 (2001).

¶ 21    A plea of guilty cannot be constitutionally valid unless the record affirmatively shows that it was intelligently and voluntarily made. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). This rule stems from the fact that a plea of guilty represents a waiver of constitutional rights, including the right to a trial by jury and the right to confront one's accusers. *Id.* at 243. In order to ensure compliance with the requirements of *Boykin*, our supreme court adopted Rule 402. *People v. Wills*, 61 Ill. 2d 105, 111 (1975). Under Rule 402(a), a court cannot accept a guilty plea "without first, by addressing the defendant personally in open court," informing him of, and determining that he understands, (1) the nature of the charge against him; (2) the minimum and maximum sentence he faces, including the penalty he faces due to prior convictions or consecutive sentences; (3) that the defendant has a right to persist in his plea of not guilty or to plead guilty; and (4) that if he pleads guilty, there will not be a trial of any kind, so that by pleading guilty he waives the right to a jury trial and the right to be confronted with the witnesses against him. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). Rule 402, and thus due process, is satisfied if the circuit court substantially complies with the rule. *People v. Fuller*, 205 Ill. 2d 308, 323 (2002).

6

¶ 22    This court has provided, *supra*, a thorough summary of the defendant's guilty-plea hearing. As that summary makes clear, the court did not accept the defendant's guilty plea without first admonishing, and determining that the defendant understood, each of the items mentioned in Rule 402(a)—except for the first item, namely, the nature of the charge. The court did admonish the defendant about the charge, saying that pursuant to the parties' agreement, he would be pleading guilty to "domestic battery, bodily harm, as alleged in Count II." However, despite this admonishment, the court did not specifically ask the defendant whether he understood the charge.

¶ 23    Nevertheless, this omission does not require reversal of the court's order denying the defendant's motion to withdraw guilty plea. In order for this issue to be raised on appeal, the defendant needed to raise it in his motion to withdraw plea. In other words: "Upon appeal any issue not raised by the defendant in the motion to *** withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). This issue was not raised in the defendant's *pro se* motion to withdraw guilty plea or in the amended motion filed by counsel on behalf of the defendant. This issue was not suggested at any time during the proceedings below; it was not suggested at the guilty-plea hearing or at the hearing on the motion to withdraw plea. Therefore, this issue is "deemed waived," *i.e.*, forfeited.

¶ 24    Forfeiture aside, reversal of the court's order denying the motion to withdraw guilty plea would be inappropriate because the court substantially complied with Rule 402. As OSAD writes in its *Anders* brief:

> "Although the court did not specifically inquire if [the defendant] understood the nature of the charges against him, *** there can be no claim of error where the court, as well as the prosecutor, informed [the defendant] that he was charged with misdemeanor domestic battery of the type that requires a finding of bodily harm. Substantial compliance with

7

Rule 402 can be found even when the State, rather than the court, recites the nature of the charges. See *People v. Pritchett*, 23 Ill. App. 3d 1084, 1086 (2nd Dist. 1974)."

¶ 25 In regard to OSAD's second potential issue—whether the circuit court abused its discretion when it denied the defendant's motion to withdraw guilty plea—this is an issue that is reviewed for an abuse of discretion. *People v. Davis*, 145 Ill. 2d 240, 244 (1991). A ruling represents an abuse of discretion if it is arbitrary, fanciful, or unreasonable, or if no reasonable person would take the view of the circuit court. *People v. Hall*, 195 Ill. 2d 1, 20 (2000). As reasons for finding an abuse of discretion, OSAD notes that the defendant maintained his innocence and claimed that his decision to plead guilty was not based on guilt but rather a desire to be released from custody. This potential issue is no stronger than the first one.

¶ 26 Leave to withdraw a guilty plea is not granted as a matter of right; it is granted only if required to correct a manifest injustice under the facts involved. *People v. Hillenbrand*, 121 Ill. 2d 537, 545 (1988). The defendant bears the burden of demonstrating the necessity of withdrawing his plea. *People v. Ferral-Mujica*, 2017 IL App (2d) 160240, ¶ 22. Leave should be granted if it appears that (1) the plea was entered based upon a misapprehension of the law or the facts, (2) there is doubt as to the defendant's guilt, (3) the defendant has a meritorious defense, or (4) the ends of justice will be better served by subjecting the case to trial. *Davis*, 145 Ill. 2d at 244.

¶ 27 In the motion filed by counsel on behalf of the defendant, the defendant claimed that he was actually innocent of the crime, and that this claim "provided doubt" as to his guilt. The defendant also claimed that he had pleaded guilty "because he wanted to be released from the county jail and not because he was actually guilty of the offense of domestic battery."

¶ 28 As to the first of these claims, the defendant did not present any evidence in support of actual innocence. He offered only a conclusory statement that he maintains his innocence.

Without some supporting evidence, the defendant cannot possibly carry the burden of demonstrating doubt as to his guilt or the availability of a meritorious defense.

¶ 29 As for the claim that he pleaded guilty solely to get out of jail, it is important to remember that a guilty plea is not invalidated merely because it was motivated by the defendant's desire to get out of jail and to be put on probation. A defendant must demonstrate "a necessary nexus between the alleged coercive conditions at the jail and his guilty plea." *People v. St. Pierre*, 146 Ill. 2d 494, 508 (1992). That is, he must show a "specific instance of abuse, either physical or mental, or coercion which would have caused him to plead guilty." *Id.* (the defendant, who was held at the Cook County jail before he pleaded guilty, failed to show a nexus between the alleged jail conditions—noise, overcrowding, drug infestation, and domination by gangs—and his guilty pleas). "Here," as OSAD acknowledges in its *Anders* brief in this appeal, "not only did [the defendant] fail to allege any specific instance of abuse or threats that would cause him to plead guilty, he said nothing about jail conditions whatsoever." Furthermore, the defendant's guilty plea was otherwise voluntary, for the circuit court substantially complied with Rule 402(b). Ill. S. Ct. R. 402(b) (eff. July 1, 2012) (the court cannot accept a guilty plea without first determining that it is voluntary, and it shall determine, by questioning the defendant personally, "whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea").

¶ 30                                          CONCLUSION

¶ 31 A complete and thorough examination of the record on appeal shows that the defendant's guilty plea was knowing and voluntary, and therefore constitutionally valid, and that the circuit court's denial of the motion to withdraw guilty plea did not represent an abuse of discretion. There is no issue of arguable merit in this appeal. Accordingly, OSAD's motion for leave to withdraw as counsel is granted, and the judgment of conviction is affirmed.

¶ 32    Motion granted; judgment affirmed.